Commonwealth of Pennsylvania, Appellant *v.* George A. College, Appellee.

Argued September 15, 1978, before Judges Men-
cer, Blatt and MacPhail, sitting as a panel of three.

*Mary Ellen Krober,* Assistant Attorney General,
for appellant.

*Wilson H. Oldhouser,* with him *James N. Diefen-
derfer,* for appellees.

Opinion by Judge Mencer, December 27, 1978:

The Commonwealth of Pennsylvania has appealed
from an order of the Court of Common Pleas of Cen-
tre County affirming an award of benefits to George
A. College (claimant) pursuant to Section 301(i) of
The Pennsylvania Occupational Disease Act (Act),
Act of June 21, 1939, P.L. 566, *as amended,* added by
Section 4 of the Act of November 10, 1965, P.L. 695,
77 P.S. §1401(i). We reverse.

The relevant facts are not in dispute and can be
briefly stated. The claimant was employed as a la-

borer in a coal mine in Pennsylvania from 1922 until 1927, at which time he left the mine and never again worked in the coal industry. On June 2, 1976, the claimant became totally disabled from anthracosilicosis as a result of his exposure to dust in the coal mines almost fifty years earlier. On June 17, 1976, claimant filed an occupational disease claim petition, alleging that the Commonwealth was liable for the payment of compensation pursuant to Section 301(i) of the Act. The referee's award of benefits under this section was subsequently affirmed by the Workmen's Compensation Appeal Board and by the lower court, and this appeal followed.

The sole issue before us is the proper interpretation of Section 301(i), which provides, *inter alia*, as follows:

(i) Notwithstanding any other provisions of this act, compensation for silicosis, anthracosilicosis, coal worker's pneumoconiosis, and asbestosis shall be paid for each month beginning with the month this amending act becomes effective, or beginning with the first month of disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto, *who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act,* and shall continue during the period of such total disability. . . . All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth. (Emphasis added.)

At the time of claimant's employment in the coal mines, Pennsylvania had no occupational disease statute, and The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S.

§1 et seq., as then in effect, did not provide benefits for victims of occupational diseases. *See generally* 2 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease* §7.01(1) (1975). The current Act did not become effective until 1939.[1] Then, as now, the Act applied only to those employers and employees who elected to become subject to its provisions. Section 301(a), 77 P.S. §1401(a).

The Act, as currently in effect, also contains a number of time limitations which operate to bar the claims of employees otherwise covered by the Act. For example, under Section 301(c), 77 P.S. §1401(c), a claimant must become disabled within four years of his last employment in the hazardous industry to be eligible for compensation. In addition, Section 301 (d), 77 P.S. §1401(d), requires an exposure of at least two years in the ten years preceding the date of disability.

In 1965, Section 301(i) was added to the Act and provided a benefit of $75 per month to those who had theretofore been ineligible because of such "time limitations."[2] However, Section 301(i) has no applicability to those employees not subject to the Act because they and their employers had never elected to be subject to its provisions in the manner provided by the Act. It is claimant's contention that prior to 1965 he would have been ineligible for compensation because of a "time limitation" and that he is there-

---

[1] The first occupational disease law was enacted in 1937, in the form of a supplement to The Pennsylvania Workmen's Compensation Act, but was repealed in 1939, when the legislature enacted the complete and separate statutory system for occupational diseases which has prevailed, *as amended*, until the present time. *See generally* 1 A. Barbieri, *supra*, §2.01.

[2] Section 301(j) of the Act, added by Section 1 of the Act of November 28, 1969, P.L. 312, 77 P.S. §1401(j), increases the benefit granted by Section 301(i) by $25 per month.

fore eligible for the partial relief provided by Section 301(i).

In our view, however, claimant belongs to that class of claimants who were never subject to the Act because they and their employers never elected to accept its provisions. It is true that, if the claimant had remained employed after October 1, 1939, he and his employer would have been conclusively presumed, under Section 302(a), to have accepted the Act unless the employer had specifically rejected it in the manner prescribed by that section. Claimant is apparently arguing that the October 1, 1939 date specified in Section 302(a) is a "time limitation" similar to those mentioned above. However, this claimant's status is in no material respect different from that of a claimant who is ineligible because his employer specifically rejected the Act and who would clearly be entitled to no relief under Section 301(i). Certainly, such a claimant would be as much in need of relief as the present claimant, and we do not believe the legislature intended to treat the two kinds of claims differently.

Claimant has referred us to a resolution of the Pennsylvania House of Representatives which appears to support his construction of Section 301(i).[3] However, this resolution was adopted nine months *after* the adoption of Section 301(i) and, at best, expresses

---

[3] This resolution reads in part as follows:

RESOLVED, That the House of Representatives declares that the additional payments provided were intended . . . to cover every person suffering from silicosis, anthracosilicosis or coal worker's pneumoconiosis who has been exposed to the hazard in Pennsylvania for two or more years, without regard to the time of exposure, so that any one so exposed prior to 1938 would be eligible to receive such additional payments. . . .

H.R. Res. of June 14, 1966, 1966 *Legislative Journal-House* 329 (1966).

the intention of only one house of the Pennsylvania General Assembly. This unilateral expression of intent was not available to the Senate for consideration prior to the enactment of Section 301(i) and can be given little weight, in view of the fact that it is the intention of the General Assembly as a whole which must control. *See* Statutory Construction Act of 1972, 1 Pa. C.S. §1921(a); *cf.* 1 Pa. C.S. §1939 (comments of committee which drafted bill may be consulted by court only if generally available prior to consideration of a statute by the General Assembly). We do not believe this resolution is of sufficient weight to justify treating this claimant any differently from other claimants who are not, for whatever reason, subject to the provisions of the Act.

Order reversed and benefits denied.

#### Order

And Now, this 27th day of December, 1978, the order of the Court of Common Pleas of Centre County, dated November 18, 1977, affirming an order of the Workmen's Compensation Appeal Board granting occupational disease benefits to George A. College, is hereby reversed, and said benefits are hereby denied.