439 A.2d 107

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**George A. COLLEGE, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 27, 1981.

Decided Dec. 30, 1981.

---

Benjamin Costello, Kenneth J. Yablonski, Wilson H. Oldhouser, Lawrence R. Chaban, Washington, for appellant.

Sandra S. Christianson, Asst. Atty. Gen., Theodore Swan, Jenkintown, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION

KAUFFMAN, Justice.

Appellant, George A. College, challenges the Commonwealth Court's reversal of an order of the Court of Common Pleas of Centre County which had affirmed an award of benefits under The Pennsylvania Occupational Disease Act

("Act").[1]  He contends that Section 301(i), a 1965 amendment to the Act,[2] was intended to extend occupational disease benefits to employees, like himself, whose exposure to the hazards of black lung disease preceded the effective date of the Act, but who subsequently became totally disabled.  We agree, and, accordingly, reverse the order of the Commonwealth Court.[3]

From 1922 until 1927, appellant was employed as a coal miner for the Six Mile Long Coal Company in Huntington County, Pennsylvania, and never again worked in the coal industry.  On June 2, 1976, he became totally disabled from anthracosilicosis, also known as black lung disease, as a result of his exposure to dust in the coal mines almost fifty years earlier.  Shortly thereafter, appellant filed a claim for occupational disease benefits against the Commonwealth, appellee here, and Referee Thomas B. Noonan awarded him benefits under Section 301(i) of the Act.  The Commonwealth, which was solely liable to pay the award, appealed to the Workmen's Compensation Appeal Board ("Board"), asserting that appellant's exposure to occupational disease hazards occurred entirely prior to October 1, 1939, the effective date of the Act, and that the referee therefore erred in awarding him compensation.  The Board affirmed the award on July 7, 1977, and the Commonwealth appealed to the Court of Common Pleas of Centre County.  On November 18, 1977, the Board's order was affirmed, and the Commonwealth then appealed to the Commonwealth Court.  On December 27, 1978, the order of the Court of Common Pleas was reversed.[4]  Appellant petitioned this Court for review,

1.  Act of June 21, 1939, P.L. 566, *as amended*, February 8, 1972, P.L. 25, No. 12, § 3, 77 P.S. §§ 1201 *et seq.* (Supp.1981).

2.  77 P.S. § 1401(i) (Supp.1981).

3.  Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, April 28, 1978, P.L. 202, No. 53, § 10(5), 42 Pa.C.S.A. § 723(a).

4.  *Commonwealth v. College*, 39 Pa.Cmwlth.Ct. 435, 395 A.2d 684 (1978).

74

and we granted allocatur on August 20, 1979.[5]

Section 301(i) was enacted in 1965 to enable totally disabled victims of black lung disease to recover benefits under the Act without regard to *any* time limitations prescribed thereunder:

> (i) *Notwithstanding any other provisions of this act*, compensation for silicosis, *anthracosilicosis*, coal worker's pneumoconiosis, and asbestosis *shall be paid* for each month beginning with the month this amending act becomes effective, or beginning with the first month of disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, *to every employe totally disabled thereby as a result of exposure thereto, who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act*, and shall continue during the period of such total disability. . . *All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth.* (Emphasis supplied).

When a statute is clear and unambiguous, we must read its provisions in accord with their plain meaning and common usage. 1 Pa.C.S.A. § 1903 (Supp.1981); *Stegmaier Estate*, 424 Pa. 4, 8, 225 A.2d 566, 568 (1967); *Davis v. Sulcowe*, 416 Pa. 138, 143, 205 A.2d 88, 92 (1964). The unambiguous language of the amendment removes *all* time limitations from the Act, including its effective date, for totally disabled victims of black lung disease, and extends a right of recovery to "every [such] employe. . .who has not theretofore been compensated. . ." The Legislature undoubtedly has the power to alter the scope and time limitations of the Act.

Notwithstanding the clear and explicit language of Section 301(i), the Commonwealth Court held that, since Section 301(a) provides that the Act applies "only to those employers and employees who elected to become subject to its provisions, Section 301(a), 77 P.S. § 1401(a)," 39 Pa.Cmwlth.Ct. at 438, 395 A.2d at 685, and since at the time of appellant's

---

**5.** Appellee submitted a brief, but waived oral argument.

employment in the coal mines, Pennsylvania had no occupational disease statute which appellant and his employer could elect to accept, appellant is not entitled to the benefits otherwise prescribed by the Act. We disagree. In Section 301(i), the Legislature expressly extended occupational disease benefits to victims of black lung disease *"notwithstanding any other provisions of this Act."* 77 P.S. § 1401(i) (Emphasis supplied) [6]

The Commonwealth further argues that to afford appellant relief under the Act would violate the proscription against retroactive application of amendatory statutes. We again disagree. When an event which results in liability occurs *subsequent* to a statute's effective date, and a claimant seeks benefits from that date forward, there is only a *prospective* application of the statute. *Gehris v. Department of Transportation,* 471 Pa. 210, 369 A.2d 1271 (1977).[7] Here, the event which resulted in the Commonwealth's liability, appellant's total disability, occurred in 1976, *subsequent* to Section 301(i)'s effective date in 1965. Since appellant seeks benefits under the Act only subsequent to the amendment's effective date, no retroactive application is required.

The manifest purpose of Section 301(i) was to afford compensation to totally disabled victims of black lung disease who otherwise would be barred from recovery by time limitations contained in the Act, and we must liberally construe this remedial and humanitarian legislation. *Bley v. Commonwealth, Department of Labor and Industry,* 484 Pa. 365, 399 A.2d 119 (1979); *Treaster v. North American Re-*

---

**6.** Even if we were to accept the Commonwealth's assertion that it would be unfair to extend benefits under the Act to an employee whose employer had no opportunity to refuse to incorporate the Act in his contract, any such unfairness would be obviated completely by the amendment's explicit provision that "all such compensation to those whose last exposure precedes the effective date of this amending act shall be *paid by the Commonwealth.*" (Emphasis supplied).

**7.** In this regard, we have held that a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment. *Id.,* 471 Pa. at 215, 369 A.2d at 1273.

*fractories Co.*, 156 Pa.Super. 567, 41 A.2d 53 (1944).[8] Accordingly, we conclude that Section 301(i) provides for recovery of occupational disease benefits by victims of black lung disease whose work in the mines preceded the passage of the Act, but who have become totally disabled subsequent to the 1965 amendment as a result of their work-related exposure.

The order of the Commonwealth Court is reversed.

WILKINSON, Justice, did not participate in the consideration or decision of this case.

---

**8.** A House Resolution passed in 1966 confirms the view that Section 301(i) affords recovery for those who were exposed to conditions inducing black lung disease prior to 1939:

RESOLVED, That the House of Representatives declares that the additional payments provided were intended...to cover every person suffering from silicosis, anthracosilicosis or coal worker's pneumoconiosis who has been exposed to the hazard in Pennsylvania for two or more years, *without regard to the time of exposure, so that any one so exposed prior to 1938 would be eligible to receive such additional payments.* (Emphasis supplied).

H.R.Res. 150th General Assembly, Session of Tuesday, June 14, 1966, *Legislative Journal*, Vol. 1, No. 27, p. 329 (1966).