Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant *v.* Louis S. Blank and Penn Steel Castings Co., Appellees.

Argued April 30, 1984, before Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Henry A. Riley,* with him, *Robert C. Geller, Jr.,* Chief, Legal Division, for appellant.

*Kathleen DiLorenzo,* with her, *Nicholas J. Emper, Ronald Klimas* and *Kathleen Nagurny,* for appellees.

OPINION BY JUDGE DOYLE, September 14, 1984:

Before this Court is an appeal by the Commonwealth of Pennsylvania from a decision and order of the Court of Common Pleas of Delaware County holding the Commonwealth solely liable for disability benefits awarded to Louis S. Blank (Claimant). We reverse.

Claimant was employed by Penn Steel Castings Co. (Employer) for a period of thirty-four years ending in 1968. Subsequent to that employment, he worked as a security guard for the County of Delaware from March of 1971 until May of 1977 when a heart attack caused him to cease all work. While working for Employer, Penn Steel Castings Co., Claimant was exposed to a silica dust hazard. This exposure resulted in Claimant becoming totally and permanently disabled by silicosis on April 22, 1977. Claimant subsequently filed a petition for disability compensation under Section 301(i) of The Pennsylvania Occupational Disease Act (ODA), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401(i). Following a referee's hearing, the Claimant's petition was granted and the Commonwealth *alone* was directed to pay Claimant compensation at the rate of $100 per month commencing with his date of disability. The referee failed to make a finding, however, as to when the

Claimant last worked in employment which exposed him to the silica hazard. The Commonwealth appealed to the Workmen's Compensation Appeal Board (Board) and the Board affirmed the referee's decision but "amended" the referee's facts[1] to find that the Claimant's employment in a silica hazard industry ended in 1968 and affirmed the imposition of 100% liability on the Commonwealth. The Commonwealth appealed the Board's decision to the Court of Common Pleas of Delaware County on the basis that Section 301(i) of the ODA should only impose 100% liability on the Commonwealth if the Claimant's last exposure was prior to December 1, 1965, the effective date of Act 335 of 1965, which act added Section 301(i) to the ODA; if after that date, the liability would be apportioned between the Commonwealth and the Employer, 40%-60%. The Court dismissed the appeal and affirmed the Board in an order dated November 24, 1982. The appeal to this Court followed.

The issue which confronts us has been dealt with in several conflicting decisions by various courts of common pleas, but is one of first impression with our Court. Specifically, we must resolve the question of whether the language of Section 301(i) of the ODA making the Commonwealth *solely* responsible for compensating sufferers from silicosis and other occupation related respiratory diseases, is, as asserted by the Commonwealth, applicable only to cases where the victims' last exposure was prior to December 1, 1965, or whether the cut-off date for the Commonwealth's sole liability is November 28, 1969, the date of a subsequent amendment.

Subsection (i) of Section 301 of the ODA was added to Section 301 by Section 4 of the Act of Novem-

---

[1] *See* A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, Section 6.24(4).

ber 10, 1965, P.L. 695, with an effective date of December 1, 1965. This amendment read as follows:

(i) Notwithstanding any other provisions of this act, compensation for silicosis, anthracosilicosis, coal worker's pneumoconiosis, and asbestosis shall be paid for each month beginning with the month this amending act becomes effective, or beginning with the first month of disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto, who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act, and shall continue during the period of such total disability. No compensation under this section shall be paid to any employe who has not been exposed to a silica, coal, or asbestos hazard within the Commonwealth of Pennsylvania for a period of two years. *All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth.* Employes whose last exposure follows the effective date of this amending act and who become entitled to the compensation provided by this subsection shall be paid as provided by this act. (Emphasis added.)

Subsection (i) was amended by Section 1 of the Act of November 28, 1969, P.L. 312, effective immediately, to read as it now reads, in pertinent part,

(i) Notwithstanding any other provisions of this act, compensation for silicosis, anthracosilicosis, coal worker's pneumoconiosis, and asbestosis shall be paid for each month beginning with the month this amending act becomes effective, or beginning with the first month of

disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto, who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act, and shall continue during the period of such total disability. No compensation under this section shall be paid to any employe who has not been exposed to a silica, coal, or asbestos hazard within the Commonwealth of Pennsylvania for a period of two years. *Subsequent to the effective date of this amending act of 1969, it shall be necessary to be a resident of Pennsylvania in order to qualify for compensation, but not to continue receiving the same after qualification.* All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth. Employes whose last exposure follows the effective date of this amending act and who become entitled to the compensation provided by this subsection shall be paid as provided by this act. (Emphasis on the 1969 amendment.)

In the case at bar, both the Board and the court of common pleas have construed the language of the 1969 amendment, which interjected a residency requirement into Section 301(i), (specifically the language of the amendment stating "this amending act of 1969") to *also* operate to amend the date before which a "last exposure" would operate to make the Commonwealth solely liable for compensation; in other words, an extension from December of 1965 until November 28, 1969. Because Claimant's last exposure to a silica hazard occurred in 1968, this construction resulted in a determination that only the Commonwealth was responsible for compensating Claimant.

After a careful review of the language at issue, as well as the appurtenant legislative history, we are constrained to accept the interpretation of Section 301 (i) urged herein by the Commonwealth. We have no indication whatsoever that, by interjecting a residency requirement into the criteria for eligibility under Section 301(i) in 1969, the legislature also intended to extend the period of total Commonwealth liability established in 1965. By referring to "this amending act *of 1969*" (emphasis added) in establishing the residency requirement while leaving unchanged the "this amending act" language of the 1965 amendment, the legislature has indicated, in this Court's mind, that the later amendment was to have no impact on the earlier amendment. *See also* Sections 1921, 1922, 1953 and 1954 of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1921, 1922, 1953 and 1954. Such an interpretation does not result in any conflict within Section 301(i). Moreover, not reading the 1969 amendment to extend the period of sole Commonwealth liability, does not defeat the primary purpose of Section 301(i), *i.e.,* "to afford compensation to totally disabled victims of black lung disease who otherwise would be barred from recovery by time limitations. . . ." *Commonwealth v. College,* 497 Pa. 71, 75, 439 A.2d 107, 109 (1981). Hence, we must reverse the decision of the court of common pleas herein.

Having found that the Commonwealth is not the sole party liable for Claimant's compensation, we must next ascertain what is the correct apportionment thereof. As noted above, Section 301(i) provides for compensation to parties whose last exposure was subsequent to December 1, 1965, "as provided by this act." 77 P.S. §1401(i). Aside from the language of Section 301(i) here at issue, the only other sections of the ODA setting forth the manner in which compensation awarded under that act shall be paid are Sections

301(g) and 308(a). 77 P.S. §§1401(g) and 1408(a). And, having deemed Section 301(i) inapplicable to the case at bar, insofar as it would require payment of all compensation to Claimant by the Commonwealth, it is to these other sections which we must now turn. Because we are dealing here with a single exposure to a silica hazard which was for a period in excess of five years and only one employer is involved, Section 301 (g) is also inapplicable to this case.[2] The provisions of Section 301(g) are applicable only where there has been a showing that a claimant has worked for successive, different employers. *Baughman v. Meadville Malleable Iron*, 39 Pa. Commonwealth Ct. 4, 394 A.2d 1058 (1978). Section 308(a), however, reads:

> When compensation is awarded because of disability or death caused by silicosis, anthracosilicosis, coal worker's pneumoconiosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall, except as otherwise provided in subsec-

---

[2] Section 301(g) of the ODA reads, in pertinent part:

The employer liable for the compensation provided by this article shall be the employer in whose employment the employe was last exposed to the hazard of the occupational disease claimed, regardless of the length of time of such last exposure: Provided, That when a claimant alleges that disability or death was due to silicosis, anthracosilicosis, coal worker's pneumoconiosis, asbestosis or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the only employer liable shall be the last employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more: And provided further, That in those cases where disability or death is not conclusively proven to be the result of such last exposure, all compensation shall be paid by the Commonwealth.

tion (g) of section 301, be paid jointly by the employer and the Commonwealth and the employer shall be liable for sixty per centum of the compensation due and the Commonwealth forty per centum.

The instant matter clearly satisfies the criteria enunciated by Section 308(a) and it is this section which must control the apportionment of Claimant's award. Accordingly, in conjunction with reversing the order of the Court of Common Pleas of Delaware County denying the appeal of the Commonwealth, we direct that sixty per cent of the compensation awarded Claimant be paid by Employer with the remaining forty per cent to be paid by the Commonwealth.

### Order

Now, September 14, 1984, the decision and order of the Court of Common Pleas of Delaware County in the above captioned matter, No. 81-07623, is hereby reversed and it is directed that the payment of disability benefits awarded to Louis S. Blank be apportioned in the manner directed by the opinion above.