505 A.2d 1093

Clarence Grosser *v*. L. E. Smith Glass Company and Commonwealth of Pennsylvania, Bureau of Workers' Compensation. L. E. Smith Glass Company, Appellant.

William C. Wells *v*. Duraloy Blaw-Knox and Commonwealth of Pennsylvania, Bureau of Workers' Compensation. Duraloy Blaw-Knox, Appellant.

Steve A. Keto *v*. L. E. Smith Glass Company and Pennsylvania Manufacturers' Association Insurance Company. L. E. Smith Glass Company, Appellant.

Argued October 9, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*H. Reginald Belden, Jr.,* with him, *Dennis N. Persin, Stewart, Belden, Herrington & Beldin,* for appel-

lants, L. E. Smith Glass Company, Pennsylvania Manufacturers' Association Insurance Company and Duraloy Blaw-Knox.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost* and *Thomas D. Gould,* for appellees/claimants.

*Paul E. Baker,* Assistant Counsel, with him, *Barry M. Hartman,* Chief Counsel, for appellee, Commonwealth of Pennsylvania, Bureau of Workers' Compensation.

OPINION BY JUDGE PALLADINO, March 6, 1986:

Duraloy Blaw-Knox and L. E. Smith Glass Company (Employers) appeal from decisions of the Court of Common Pleas of Westmoreland County (trial court) which reversed decisions by the Workmen's Compensation Appeal Board (Board) allocating one hundred percent liability for workmen's compensation to the Commonwealth, and reinstated referees' decisions allocating liability sixty percent to the Employers and forty percent to the Commonwealth. For the reasons set forth below, we affirm.

The three claimants in these consolidated appeals are Clarence Grosser, William Wells and Steve Keto. More than four years after their last exposure to silica hazard at work, each claimant[1] filed an occupational disease claim for silicosis pursuant to Section 301(i) of The Pennsylvania Occupational Disease Act (Act).[2] Section 301(i) allows compensation for total

---

[1] Claimant Grosser worked for L. E. Smith Glass until January 12, 1973, and filed his claim on November 2, 1978. Claimant Keto worked for L. E. Smith Glass until April 21, 1970, and filed his claim on July 25, 1979. Claimant Wells worked for Duraloy Blaw-Knox until 1968 and filed his petition on July 20, 1978.

[2] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401.

disability from silicosis to every employee who resides in Pennsylvania and has been exposed at work to silica, coal or asbestos hazard in Pennsylvania for a period of at least two years, if the employee has not been compensated because his claim was barred by time limitations of the Act.

The referee awarded all three claimants' compensation for total disability under this section. Their entitlement to the compensation is not contested. Because the last exposure of each claimant followed December 1, 1965, the effective date of the amendment to Section 301, the referee referred to Section 308(a) of the Act[3] to hold the Commonwealth and the Employer jointly liable for payment of compensation, forty percent and sixty percent respectively. The Employers appealed to the Board, which held that the Commonwealth should be solely liable for compensation, because to utilize the provision of Section 308(a) with Section 301(i) would lead to an unfair and absurd result, which the legislature could not have intended. The Commonwealth then appealed to the trial court, which reinstated the referee's 60%-40% split of liability in each case. These appeals followed.

The issues before us are: (1) whether Section 301 (i) of the Act was intended to refer to Section 308(a) to determine liability for compensation; and (2) assuming Section 301(i) does incorporate Section 308 (a), whether these provisions of the Act violate Article 3, §18 of the Pennsylvania Constitution.

Section 301(i) states:

(i) *Notwithstanding any other provisions of this act,* compensation for silicosis, anthracosilicosis, coal worker's pneumoconiosis, and asbestosis shall be paid for each month beginning with the month this amending act becomes effective, or beginning with the first month of

---

[3] 77 P.S. §1408(a).

disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto, *who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act,* and shall continue during the period of such total disability. No compensation under this section shall be paid to any employe who has not been exposed to silica, coal, or asbestos hazard within the Commonwealth of Pennsylvania for a period of two years. Subsequent to the effective date of this amending act of 1969, it shall be necessary to be a resident of Pennsylvania in order to qualify for compensation, but not to continue receiving the same after qualification. *All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth. Employes whose last exposure follows the effective date of this amending act and who become entitled to the compensation provided by this subsection shall be paid as provided by this Act.*

(Emphasis added.)

As is plainly evident from the language of the last quoted sentence, Section 301(i) specifically states that, where the claimant's last exposure occurred after Section 301(i)'s effective date, compensation shall be paid *as provided by this Act.*

In these cases, Section 308(a) is the only section to which the referee could have referred to determine liability for compensation.[4] This section requires the

---

[4] There is no question that Claimants' disabilities resulted from exposure to silica hazard with single employers. Therefore, Section 301(g), which imposes full liability on the Commonwealth for multiple exposures, does not apply.

Employer and the Commonwealth to be jointly liable for compensation awarded because of disability or death caused by silicosis.[5]

This Court has held in *Commonwealth v. Blank*, 85 Pa. Commonwealth Ct. 156, 481 A.2d 705 (1984), that where a claimant's last exposure occurred after the effective date of the amendment to Section 301(i), the apportionment of liability is controlled by Section 308(a). We reaffirm the holding in *Blank*. No other logical interpretation of Section 301(i) exists. Because all three claimants were exposed to the hazard after the effective date of the amendment, Section 308(a) applies, and the trial court correctly reinstated the referee's 60%-40% apportionment of liability.

We must now address the Employers' challenge to the constitutionality of Section 301(i). Article 3, §18 of the Pennsylvania Constitution is the provision enabling the legislature to enact workmen's compensation laws. That Section states:

> The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing

---

[5] Section 308(a) provides:

(a) When compensation is awarded because of disability or death caused by silicosis, anthraco-silicosis, coal worker's pneumoconiosis, asbestosis, or any other occupational disease which developed to the point of disablement only after an exposure of five or more years, the compensation for disability or death due to such disease shall, except as otherwise provided in subsection (g) of Section 301, be paid jointly by the employer and the Commonwealth and the employer shall be liable for sixty per centum of the compensation due and the Commonwealth forty per centum.

the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided.

The Employers contend that, by holding them responsible for 60% of the compensation due under Section 301(i), they are unable to predict their liability, because Section 301(i) waives all of the Act's limitations periods. This inability, they argue, violates the clause of Section 18 which requires the legislature to fix a reasonable basis for ascertaining compensation. We reject this proposition. Our reading of Section 18 leads us to conclude that the language chosen in its enactment was not directed toward an employer's ability to predict his liability, but rather to an *employee's* need to be compensated for his or her work-related injuries. That there is a basis for ascertaining the amount of compensation allows claimants with similar injuries in similar positions to be compensated equally. We do not believe Section 18 intended to insure employers that they would know who would be potential claimants. The fact that an employer may be unsure of his liability does not violate §18.[6] An

---

[6] In fact, under Section 301(1), an employer can predict who may present claims for compensation. The group of potential claim-

employer cannot predict who will be hurt in an on-the-job accident with any more certainty than he can predict an occupational disease claim.

We hold that Section 301(i) of the Act passes the test of constitutional scrutiny under Section 18. The legislature properly exercised its power in enacting this section to compensate specifically those specific occupational disease claimants whose claims were otherwise time-barred. The remedial nature of the legislation is apparent, and in no way violates the enabling provisions of the Pennsylvania Constitution.

Therefore, because the trial court correctly reinstated the allocation of liability as determined by the referee, we affirm.

ORDER

AND Now, March 6, 1986, the orders of the Court of Common Pleas of Westmoreland County at No. 6930 of 1982, No. 7 of 1983 and No. 5 of 1983 are affirmed.

---

ants for whom he is liable is limited to those who were exposed two or more years to the occupational hazard, whose last exposure was after December 1, 1965 and who are residents of Pennsylvania.