532 A.2d 514

Max R. Syster *v.* Haws Refractories and Commonwealth of Pennsylvania. Haws Refractories, Appellant.

Argued March 26, 1987, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Craig E. Kuyat,* with him, *Edward G. Kuyat, Jr., Kuyat & Walker,* for appellant.

*Wanda Whare,* with her, *Thomas D. Gould, Paul E. Baker,* Assistant Counsel, for appellee.

OPINION BY JUDGE BLATT, October 20, 1987:

Haws Refractories (employer) here appeals an order of the Court of Common Pleas of Cambria County (trial court) which reversed an order of the Workmen's Compensation Appeal Board (Board). The Board had determined that the Commonwealth alone was liable to Max R. Syster (claimant) for his work-related occupational disease disability.

The claimant had been employed by the employer from July 5, 1950 to June 20, 1967. During that time he

was exposed to silica hazards at work. Subsequently, he was employed by Lass Tire Company for one year and then by Fleming Buick for approximately fourteen years, neither job resulting in exposure to silica hazards. He filed a petition on July 27, 1982 under Section 301(i) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1401 (Act), alleging total disability as of July 8, 1982 as a result of silicosis. A workmen's compensation referee found that the claimant had been exposed to the silica hazard while employed by the employer here concerned, and further found that the claimant had become totally and permanently disabled on July 8, 1982 as a result of pneumoconiosis, due to silica. The referee concluded that the claimant was entitled to lifetime compensation under Section 301(i), and further concluded that, because the claimant's last exposure date was June 20, 1967, liability for his compensation rested entirely with the Commonwealth. The Board affirmed. Further appeal to the trial court followed, and it reversed the Board.

Preliminarily, it is necessary to set forth the relevant statutory law. Section 301(i) was first added to the Act on November 10, 1965 with an effective date of December 1, 1965. It read as follows:

(i) Notwithstanding any other provisions of this act, compensation for silicosis, anthracosilicosis, coal worker's pneumoconiosis, and asbestosis shall be paid for each month beginning with the month this amending act becomes effective, or beginning with the first month of disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto, who has not theretofore been compensated because his claim was barred by any of the time

limitations prescribed by this act, and continue during the period of such total disability. No compensation under this section shall be paid to any employe who has not been exposed to a silica, coal, or asbestos hazard within the Commonwealth of Pennsylvania for a period of two years. All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth. Employes whose last exposure follows the effective date of this amending act and who become entitled to the compensation provided by this subsection shall be paid as provided by this act.

From this it is clear that, if an employe's exposure predated December 1, 1965, the Commonwealth alone is liable. But if the exposure accrued after December 1, 1965, other provisions of the Act control.[1]

In 1969 the Legislature amended Section 301(i) and, also, added an additional subsection, 301(j). These changes became effective on November 28, 1969 and read as follows:

(i) Notwithstanding any other provisions of this act, compensation for silicosis, anthracosilicosis, coal worker's pneumoconiosis, and asbestosis shall be paid for each month beginning with the month this amending act becomes effective, or beginning with the first month of disability, whichever occurs later, at the rate of seventy-five dollars ($75) per month, to every employe totally disabled thereby as a result of exposure thereto,

---

[1] Pursuant to Section 308(a) of the Act, 77 P.S. §1408(a), compensation for disability due to, *inter alia* silicosis, is apportioned sixty percent to the employer and forty percent to the Commonwealth.

who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act, and shall continue during the period of such total disability. No compensation under this section shall be paid to any employe who has not been exposed to a silica, coal, or asbestos hazard within the Commonwealth of Pennsylvania for a period of two years. *Subsequent to the effective date of this amending act of 1969, it shall be necessary to be a resident of Pennsylvania in order to qualify for compensation, but not to continue receiving the same after qualification.* All such compensation to those whose last exposure precedes the effective date of this amending act shall be paid by the Commonwealth. Employes whose last exposure follows the effective date of this amending act and who become entitled to the compensation provided by this subsection shall be paid as provided by this act.

*An application for compensation under this subsection shall not be accepted from any person who, during the preceding six months has been determined to be ineligible hereunder.*

*Every application shall be accompanied by two prints of the same recent photograph of the applicant, and such other proof of identity as the board shall require. One of the prints shall be stamped by the board and returned to the applicant, who shall deliver it to the physician at the time of examination. The physician shall attach the print to his report to the board.*

*(j) Every person heretofore or hereafter qualified for additional compensation under the provisions of clause 2 of subsection (a) or subsection (i) of this section shall, beginning with the*

*month following the effective date of this amend-*
*ing act of 1969, or the month of qualification,*
*whichever occurs later, be paid further compen-*
*sation of twenty-five dollars ($25) per month*
*during the period of disability. Such further*
*compensation paid to a person heretofore quali-*
*fied shall be paid by the Commonwealth. Com-*
*pensation paid to any person hereafter qualified*
*shall be paid from the same source as the addi-*
*tional compensation provided in clause 2 of sub-*
*section (a) or subsection (i) of this section.* (Em-
phasis added to reflect the 1969 amendment.)
The emphasized portion represents the added language.

The employer argues here that the phrase "this
amending act" appearing in the sentence "[a]ll such
compensation to those whose last exposure precedes
the effective date of this amending act shall be paid by
the Commonwealth" refers to the 1969 amendment
and, hence, that the Commonwealth alone is liable to
pay compensation. The trial court, however, disagreed
with this reading of the statute.

This question has already been thoroughly ad-
dressed by this Court in *Bureau of Workmen's Compen-
sation v. Blank,* 85 Pa. Commonwealth Ct. 156, 481
A.2d 705 (1984) wherein Judge DOYLE, after considering
both the 1965 and 1969 versions of Section 301(i), held
that the Commonwealth is solely responsible for com-
pensation only when the victim's last exposure was prior
to December 1, 1965. *See also Grosser v. L.E. Smith
Glass Co.,* 95 Pa. Commonwealth Ct. 450, 505 A.2d
1093 (1986) (reaffirming our holding in *Blank*). We
deem *Blank* to be controlling on the issue here.

The employer also asserts that the Commonwealth
alone is liable for the additional twenty-five dollar pay-
ments, which were added in 1969 by Section 301(j).
The employer reasons that, because prior to 1969 there

was no subsection (j), an exposure occurring prior to November 28, 1969, (the effective date of the subsection) must remain the responsibility of the Commonwealth "in order to prevent retroactive application of that subsection." We, however, are persuaded by the Commonwealth's contention that the employer's argument fails to distinguish between an employer's *liability* to pay compensation and its duty to make such payments in specified amounts. *See Pekorofsky v. Glen Alden Coal Co.*, 171 Pa. Superior Ct. 97, 89 A.2d 890 (1952). The event which triggers the duty to pay is not the date of the last exposure, but the date of disability, here July 8, 1982. This date is subsequent to the effective date of subsection 301(j) and, hence, there is no retroactive application of the law. Therefore, the employer is properly chargeable for a percentage of the disability payments.

Accordingly, having determined that the trial court correctly resolved the issues, we will affirm its order.

### Order

AND NOW, this 20th day of October, 1987, the order of the Court of Common Pleas of Cambria County in the above-captioned matter is affirmed.