576 A.2d 401

**Dominic E. ANTONUCCI, Deceased, Betty J. Antonucci, Widow, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (U.S. STEEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1990.

Decided May 29, 1990.

274

Robert A. Cohen, Pittsburgh, for petitioner.

Valerie S. Faeth, with her, Robert C. Jones, Pittsburgh, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PELLEGRINI, Judge.

Betty J. Antonucci (Claimant) appeals from a decision of The Workmen's Compensation Appeal Board (Board), affirming a Referee's dismissal of her fatal claim petition as time barred under § 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Workmen's Compensation Act).[1]

The Claimant's husband, Dominic Antonucci, died in 1986 as a result of a work-related injury. He sustained the injury in 1972 when he fell about 65 feet onto a wooden platform while working for USX as a ladle-liner helper. The accident rendered Antonucci quadriplegic. The quadriplegia resulted in the decedent suffering from urinary tract infections and decubitus ulcers. These debilities were the cause of the decedent's respiratory arrest that ended his life.

---

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

Throughout the course of his illnesses, decedent received total disability workmen's compensation benefits from USX. The Claimant, upon termination of her husband's benefits, filed a fatal claim petition. The parties stipulated that the decedent's death was caused by a work-related injury arising from the course of his employment with USX. Because decedent's death occurred 300 weeks after his injury, the Referee found that the Claimant was precluded from receiving benefits by § 301(c)(1) of the Workmen's Compensation Act.[2] On appeal to the Board, it was further stipulated that the injury sustained by the decedent was not an occupational disease.[3] The Board, noting that the occupational disease exception cannot be used by the Claimant, affirmed the Referee's decision that the claim fails to meet § 301(c)(1) requirements, and this appeal followed.

 Claimant contends that § 301(c) is unconstitutional under the Pennsylvania Constitution, as well as the United States Constitution. She contends that Article III, § 18 of the Pennsylvania Constitution prohibits the legislature from enacting compensation legislation that precludes claims because of time limitations. If no such prohibition exists, the issue then is whether § 301(c)(1) of the Workmen's Compen-

2. Section 301(c)(1) of the Workmen's Compensation Act, 77 P.S. § 411(1), provides, in pertinent part:
 [W]herever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects, and occurring within three hundred weeks after the injury.

3. Because the decedent did not have an occupational disease, the Claimant cannot employ the language of Section 301(c)(2) which provides that even if death occurs after 300 weeks of the last exposure to the hazards of the disease, it is nevertheless compensable if the disability occurred within the 300 week period. Section 301(c)(2) of the Workmen's Compensation Act, 77 P.S. § 411(2), provides, in pertinent part:
 [W]henever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, that if the employee's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.

sation Act, which denies benefits to a claimant when more than 300 weeks have elapsed between the commencement of the compensable injury and the injury-related death, violates the guarantees of due process and equal protection under the Fourteenth Amendment to the United States Constitution [4] and Article I of the Pennsylvania Constitution.

Those who, as here, seek to overturn legislative action on constitutional grounds, have a heavy burden. As the Supreme Court stated:

> The most fundamental principle of statutory construction is the presumption that the legislature has acted constitutionally. This presumption reflects on the part of the judiciary the respect due to the legislature as a co-equal branch of government. *School District of Deer Lakes v. Kane*, 463 Pa. 554, 345 A.2d 658 (1975). Accordingly, courts properly defer to the legislature in the exercise of its function and may refuse to enforce a statute only if it clearly, palpably, and plainly violates the constitution. *Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 331 A.2d 198 (1975).

*Snider v. Thornburgh*, 496 Pa. 159, 166, 436 A.2d 593, 596 (1981).

■ Claimant's contention that § 301(c)(1) of the Workmen's Compensation Act, 77 P.S. § 411(1), is unconstitutional under Article III, § 18 of the Pennsylvania Constitution, is a misreading of this provision because no where does the provision affirmatively state that the legislation can impose such restrictions. Article III, § 18 provides:

> The General Assembly may enact laws requiring the payment by employers, or employers and employees jointly, of reasonable compensation for injuries to employees

---

4. A surviving spouse's right to compensation is a separate cause of action and is not dependent upon decedent's having received compensation. *Penn Steel Foundry & Machine Co. v. Workmen's Compensation Appeal Board (Wagner)*, 122 Pa. Commonwealth Ct. 171, 551 A.2d 653 (1988). Since § 315 of the Act, 77 P.S. § 602, provides that death claims must be filed within three years of death, the time limitation to file a death claim is 300 weeks plus three years.

arising in the course of their employment, and for occupational diseases of employees, whether or not such injuries or diseases result in death, and regardless of fault of employer or employee, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for those whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general law regulating actions against natural persons, and such acts now existing are avoided.

This provision empowers the General Assembly, if it chooses, to enact laws to compensate for injuries or diseases, including those that cause the death of an employee, that arise out of their employment. Rather than placing any limitation on the General Assembly, Article III, § 18, grants it expansive power to fashion a system to compensate employees for work-related injuries or disease. Rather than precluding time limitations, the last sentence of Article III, § 18, envisions such time limitations as long as the time limitations are alike for individuals and corporations.[5]

Recently, this court, in *Grosser v. L.E. Smith Glass Co.*, 95 Pa. Commonwealth Ct. 450, 505 A.2d 1093 (1986), in a mirror image fact situation, confirmed the General Assem-

---

5. Time limitations on claims are contained throughout the Workmen's Compensation Act. For example, § 311 of the Workmen's Compensation Act, 77 P.S. § 631, requires employees giving notice of injury to the employer within 120 days of the injury; § 315 of the Workmen's Compensation Act, 77 P.S. § 602, requires the filing of a claim petition within three years from the date of injury, as does subsequent injury claims under § 306.1 and death claims under 77 P.S. § 602 and 77 P.S. § 516. Inferentially, if claimant's position is correct that Article III, § 18 precludes time limitations, then all of these time limitations must also be declared unconstitutional.

bly's power to enact or remove time limitations. In that case, an employer contended that § 301(i) of The Pennsylvania Occupational Disease Act, 77 P.S. § 1401(c) (Occupational Disease Act),[6] was unconstitutional because it waived all of the Occupational Disease Act's limitation periods, thereby precluding employers and other carriers from predicting their overall exposure. Rejecting this contention, this court held that it was within the General Assembly's discretion to amend that legislation to allow for claims that were previously time barred to compensate individuals who contracted occupational diseases.

Accordingly, we conclude the legislature is not prohibited under Article III, § 18, from including a statute of limitations in legislation enacted to compensate employees for work-related injuries.

Claimant next argues that the time provisions of § 301(c) requiring decedent's death to occur within 300 weeks of decedent's work injury for Claimant to be eligible for compensation violates both her due process and equal protection rights as guaranteed by the Fourteenth Amendment to the United States Constitution.[7] These arguments were addressed and dismissed by this court's decision in *Formicola v. Workmen's Compensation Appeal Board (City of Phila.)*, 97 Pa. Commonwealth Ct. 274, 509 A.2d 434 (1986).

In dismissing the claimant's substantive due process argument[8] that it was arbitrary and unreasonable to

---

6. The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§ 1201–1603.

7. The time limitations set forth in the Workmen's Compensation Act, including § 301(c), is not technically a statute of limitation but a statute of repose, which completely extinguishes the right and not merely the remedy. *McDevitt v. Workmen's Compensation Appeal Board (Ron Davidson Chevrolet),* 106 Pa. Commonwealth Ct. 207, 211, 525 A.2d 1252, 1253 (1987). *See also Bellotti v. Spaeder,* 433 Pa. 219, 249 A.2d 343 (1969). For an extensive review of the time limitations in the Workmen's Compensation Act, see Torrey, Time Limitations in Pennsylvania Workmen's Compensation and Occupational Disease Acts; Theoretical Doctrine and Current Applications, 24 Duquesne Law Review 1975 (1986).

8. Claimant contends that somehow her procedural due process rights were violated because there is "no procedure at all by which she could

eliminate dependent's right to benefits after 300 weeks, this court, in *Formicola,* applied the rational basis test set forth in *Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976). That test requires the claimant to demonstrate the lack of a rational basis between § 301(c) and the goals of the Workmen's Compensation Act. In *Formicola,* this court stated:

> The stated and undisputed social purpose of the Pennsylvania Workmen's Compensation Act is to strike a balance between the interests of employees and the interests of employers. Thus, the constitutional inquiry before us is not whether a more effective measure might be devised, but whether the challenged measure promotes the stated purpose in any degree whatsoever. In this connection, a limitation which preserves the workmen's compensation fund for those claimants who are most clearly entitled to compensation will be upheld as not infringing upon due process rights. It is readily apparent that this is the function of § 301(c)(1).

*Formicola,* 97 Pa.Commonwealth Ct. at 278, 509 A.2d at 436.

The court, in *Formicola,* found as a general proposition that it is easier to prove the casual connection between a work injury and death the closer in time between events. Also, the corollary to that rule is the longer the time between work injury and death, more opportunity exists for intervening causes to weaken the casual connection. The court held the General Assembly's 300 week limitation is reasonable because the casual connection between an injury and death is more easily discernable the lesser the time between those events. *Formicola.* Because the purpose of the Act is directed toward an employee's need to be compensated for a work-related injury, *Grosser,* 95 Pa. Common-

have attained compensation." (Claimant's Brief, p. 6). Procedural due process has as its essential element notice and an opportunity to be heard and to defend in an orderly proceeding adapted to the nature of the case before an impartial tribunal of competent jurisdiction. *Soja v. Pennsylvania State Police,* 500 Pa. 188, 455 A.2d 613 (1982) (plurality opinion as to other issues and outcome of the case). Certainly, Claimant has been afforded such procedure in this case.

wealth Ct. at 456, 505 A.2d at 1096, and striking a balance between competing interests of employees and employers, and preserve the fund for injured workers, *Formicola,* 97 Pa. Commonwealth at 278, 509 A.2d at 436, the challenged measure promotes the stated purpose of the Act. Consequently, the legislature did not act unreasonably by enacting the time limitation.

■ Claimant also challenges § 301(c)(1) on equal protection grounds. She contends that there is no valid distinction in allowing benefits to those that claim under occupational disease related deaths that occur more than 300 weeks after commencement of the occupational injury under § 301(c)(2), and disallowing claims arising from injury-related deaths that occur more than 300 weeks after the compensable injury, violates equal protection under the law.

Just as a rational basis test is employed to determine whether Claimant's due process rights were violated, a similar rational basis test is also employed to see if the classification has a reasonable basis. As this court stated in *Guess v. Workmen's Compensation Appeal Board (Link Belt/F.M.C. Corp.),* 77 Pa. Commonwealth Ct. 319, 324, 466 A.2d 1098, 1101 (1983):

> The proper standard of review in analyzing the constitutionality of this classification is the rational-basis test.... Thus, to pass constitutional muster under the rational-basis test, the [Pennsylvania Occupational Disease] Act's classification must bear a reasonable relationship to a legitimate state objective. *See Stevenson v. Industrial Commission,* 190 Colo. 234, 545 P.2d 712 (1976); *Gauthier v. Campbell, Wyant and Cannon Foundry Co.,* 360 Mich. 510, 104 N.W.2d 182 (1960).
>
> In the social welfare area, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426 [81 S.Ct. 1101, 1105, 6 L.Ed.2d 393] (1961). Moreover, if the classification has some reasonable basis, "it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or

because in practice it results in some inequality.' " *Dandridge v. Williams*, 397 U.S. 471, 485 [90 S.Ct. 1153, 1161, 25 L.Ed.2d 491] (1970) (quoting *Lindsley v. National Carbonic Gas Co.*, 220 U.S. 61, 78 [31 S.Ct. 337, 340, 55 L.Ed. 369] (1911)).

In *Formicola*, we applied this rational basis test in addressing Claimant's equal protection argument that there is no valid distinction in not time barring claimants who died as a result of an occupational disease and placing the 300 week limitation on work-related injuries. We held that indefinite limitations given to claimants that file for benefits under § 301(c)(2) due to the inherent character differences of occupational diseases and work-related injuries.

> It is not a matter of placing limitations on the dependents of employees who are injured other than by occupational disease, while placing no limitations on the dependents of employees who do suffer from such a disease. It is rather a matter of defining the limitations differently due to the different natures of a non-occupational disease type of injury and an occupational disease type of injury. The occupational diseases, which are enumerated under § 108 of the Act and compensable through § 301(c)(2), include only those diseases which already have been scientifically proven to result especially from employment in particular occupations and those which can be proven to so result. Most of these diseases also have been proven to result only from the day-to-day exposure to unhealthful conditions over an extended period of time. *See Robachinski v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 89, 380 A.2d 952 (1977).

*Formicola*, 97 Pa. Commonwealth at 280, 281, 509 A.2d at 437.

The present case is difficult not because the law is unclear; just the opposite is true. This Court and other courts of this Commonwealth have consistently upheld the time limitations in § 301(c)(1) and other time limitations contained in the Workmen's Compensation Act from a variety of challenges, including constitutional challenges such as

this one.[9] It is difficult because the rationale behind the time limitations is not readily apparent. § 301(c)(1) was intended to prevent speculation as to whether a work-related injury was the cause of death years after the injury had occurred. For example, in *Formicola*, the claimant was seeking death benefits contending that her husband's fatal heart attack was casually connected to a work-related heart attack resulting in total disability that occurred 23 years earlier. Here, there is no doubt that the death was casually connected to the work-related injury. Even though the facts are difficult and we have sympathy for the claimant, it is not an excuse to succumb to the temptation to prove the maxim "hard cases make bad law" and declare § 301(c)(1) unconstitutional.

The General Assembly presumably anticipated that such results would occur, but it possesses a large measure of discretion in prescribing remedies for each wrong. The General Assembly believed that such a provision was needed to protect the fund from claims that are ordinarily too speculative. While the application of this time limitation may render unfortunate results in some circumstances, as do all time limitations, it remains for the General Assembly and not the courts to decide whether inequities exist in the legislative scheme.

Because Article III, § 18 does not preclude the General Assembly from providing for the time limitation found in § 301(c)(1), and because there is a rational basis in both the purpose of the Act and for it treating work-related injuries differently from occupational ones, this provision is constitutional. For these reasons, the decision of the Workmen's Compensation Appeal Board is affirmed.

9. *e.g., Kujawa v. Latrobe Brewing Co.,* 454 Pa. 165, 312 A.2d 411 (1973); *Olsen Bodies, Inc. v. Workmen's Compensation Appeal Board (Gavas),* 132 Pa. Commonwealth Ct. 417, 573 A.2d 238 (1990); *McDevitt v. Workmen's Compensation Appeal Board (Ron Davidson Chevrolet),* 106 Pa. Commonwealth Ct. 207, 525 A.2d 1252 (1987), *appeal granted,* 518 Pa. 629, 541 A.2d 1140, *appeal dismissed as improvidently granted,* 520 Pa. 119, 552 A.2d 1048 (1989); *Overmiller v. D.E. Hore & Co.,* 191 Pa. Superior Ct. 562, 159 A.2d 245 (1960).

## ORDER

AND NOW, this 29th day of May, 1990, the order of the Workmen's Compensation Appeal Board at No. A–95788 is affirmed.

The decision in this case was reached before the retirement of CRUMLISH, Jr., former P.J.

CRUMLISH, Jr., President Judge, dissenting.

Respectfully, I dissent.

The claimant, Betty Antonucci, challenges the constitutionality of Section 301(c)(1) of the Act as applied to her claim. As recognized in *Formicola*, a party seeking to invalidate a statute on due process grounds has the burden to demonstrate the lack of rational connection between the challenged provision and some legitimate state purpose. *Id.*

In that case, this Court stated that Section 301(c)(1) promotes the Commonwealth's interest in striking a balance between employer and employee because it allows those claims where the causal connection between injury and death can be proved with a greater degree of certainty than when an extensive lapse of time has attenuated the proof.

However, this case illustrates the lack of rational connection between the 300–week limitation and the articulated state purpose because the parties *stipulated* that the decedent's *death was caused* by a work-related injury. Therefore, there is no danger of time or intervening events weakening the proof. The legitimate state purpose of protecting an employer's interest against suspect claims cannot be served.

It is unreasonable to extinguish completely a surviving spouse's separate, independent right to fatal claim compensation simply because, in *most* cases, the factual issue of causation is not easily susceptible of proof. Section 301(c) upsets the balance between employer and employee interests by precluding the opportunity for a claimant, who may or may not meet his burden of proof, to be heard on a claim. Accordingly, Section 301(c) violates due process guarantees

and should be held unconstitutional as applied to this class of claims.

COLINS, J., joins in this dissent.