561 A.2d 342

COMMONWEALTH of Pennsylvania, DEPARTMENT OF HEALTH, Petitioner,

v.

REHAB HOSPITAL SERVICES CORP., Respondent.

LEE HOSPITAL, Petitioner,

v.

COMMONWEALTH of Pennsylvania; DEPARTMENT OF HEALTH and Rehab Hospital Services Corporation and Rehabilitation Hospital of Altoona, Respondents.

REHAB HOSPITAL SERVICES CORPORATION and Rehabilitation Hospital of Altoona, Petitioners,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF HEALTH, Respondent.

REHAB HOSPITAL SERVICES CORPORATION and Rehabilitation Hospital of Altoona, Petitioners,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF HEALTH, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 7, 1989.

Decided June 12, 1989.

Reargument Denied Aug. 24, 1989.

Petition for Allowance of Appeal Denied April 17, 1990.

186

Darius G.C. Moss, Asst. Counsel, Harrisburg, for petitioner/respondent, Dept. of Health.

Seymour J. Schafer, Charles M. Means, Markel, Schafer & Means, Pittsburgh, for petitioner/intervenor, Lee Hosp.

Paul J. Carey, Jr., Harrisburg, for State Health Facility Hearing Bd.

Edward F. Shay, Philadelphia, James O'Toole, Jr., and Emily A. Zuzelo, Saul, Ewing, Remick & Saul, for respondents/petitioners, Rehab. Hosp. Services Corp. and Rehab. Hosp. of Altoona.

Before DOYLE and SMITH (P.), JJ., and KALISH, Senior Judge.

DOYLE, Judge.

Before the Court are the consolidated appeals of Lee Hospital (Lee) and the Department of Health (Department) from an order of the State Health Facilities Hearing Board

(Board) which reversed the Department's grant of a Certificate of Need (CON) to Lee and the appeal of Rehab Hospital Services Corporation (RHSC) and Rehabilitation Hospital of Altoona (RHA) from the Board's order which denied RHA standing to appeal to the Board the Department's grant of a CON to Lee, and which failed to address several issues raised by RHSC and RHA in their appeal to the Board.

The Board made the following relevant findings: On September 18, 1984, Lee[1] filed an application for a CON with the Department for the establishment of a twenty-seven bed discrete comprehensive medical rehabilitation unit and an adjacent ten bed medical/surgical swing unit. That application was opposed by RHSC.[2] On March 4, 1985, following a review of the CON application by the Keystone Health Systems Agency (KHSA)[3] and the Department, the Department disapproved Lee's CON application. On April 5, 1985, Lee filed an appeal with the Board from the denial of its application. On April 23, 1985, RHSC filed a petition to intervene as a party appellee in support of the Department's denial of Lee's application. Lee, however, opposed RHSC's petition to intervene. On May 24, 1985, the petition to intervene was granted. The issue of whether intervention was properly granted was never appealed to this Court. On May 14, 1986, the Board affirmed the decision of the Department.

Lee then filed an appeal in this Court, but, as indicated above, it did *not* contest RHSC's standing or the Board's order granting RHSC status as a party. On July 13, 1986, RHSC intervened as of right in the appeal lodged with this Court. Oral argument was scheduled for March 23, 1987,

---

1. Lee is an acute care nonprofit hospital located in Johnstown, Pennsylvania.

2. At the time of filing of Lee's CON application, RHSC had been granted a CON to construct a free-standing rehabilitation hospital in Altoona, which is in the same health service area as Johnstown, where Lee is located.

3. The KHSA was a health systems agency as defined by Section 103 of the Health Care Facilities Act, Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. 448.103.

but was continued, at Lee's request, as it stated that it intended to seek an independent settlement with the Department. On April 29, 1987, counsel for the Department notified RHSC of a proposed settlement agreement between the Department and Lee. On May 8, 1987, RHSC's counsel sent a letter to the Department rejecting the proposed agreement. On May 11, 1987, the Department filed with this Court a second motion for continuance. In its motion, the Department stated that a settlement agreement had been reached between the Department and Lee in which Lee would discontinue its appeal and the Department would grant a CON to Lee. On May 12, 1987, this Court issued an order denying the Department's motion for a continuance, and further directed all parties to argue, on May 18, 1987, their positions concerning the legality of the proposed settlement. On May 15, 1987, *without prior notice to RHSC and contrary to this Court's order to argue the case on May 18th,* Lee discontinued its appeal in this Court, and on the same day the Department issued a CON to Lee to provide rehabilitation services.

By letter dated May 22, 1987, RHSC requested that the Secretary of Health hold a public hearing for the purpose of reconsideration of the Department's decision to grant Lee a CON. On May 27, 1987, counsel to the Department provided RHSC with a copy of the Department's settlement agreement with Lee, and a letter approving Lee's CON application. On June 1, 1987, RHSC and RHA filed timely appeals to the Board from the Department's "settlement agreement" approving the CON. On June 23, 1987, the Department rejected RHSC's request for reconsideration, and RHSC and RHA timely filed further appeals from that decision with the Board.

During this time, RHSC and RHA also filed an application with this Court for a supersedeas of the Department's determination. Lee then filed a motion to intervene and a motion to quash, both of which were granted. On July 17, 1987, this Court rendered a decision stating that it did not have jurisdiction since RHSC and RHA had failed to ex-

haust their administrative remedies, and that the proper appeal would be before the Board.

As previously stated, RHSC and RHA, on June 1 and June 23 respectively, filed with the Board appeals from the Department's decision approving the application and denying reconsideration. The Department filed a motion to strike for lack of standing of RHSC and RHA. The Department also filed a motion to quash, averring that a CON had been issued pursuant to a "settlement agreement" and that it was *not* a decision "on an application." Both motions were denied by the Board. On July 26, 1988, the Board reversed the Department's decision which had granted the CON to Lee. Appeals to this Court by all parties followed. These appeals were consolidated by subsequent order.

A raft of issues have been raised in these appeals, which this Court shall address *seriatim.* The threshold question, posed by Lee and the Department, is whether the Board had subject matter jurisdiction over the appeals by RHSC and RHA.

■ The jurisdiction of the Board is defined by Section 502 of the Health Care Facilities Act (Act) [4] which provides in relevant part:

(a) The hearing board shall have the powers and its duties shall be:

(1) To hear appeals from *departmental decisions on applications* for certificates of need or amendments thereto.

35 P.S. § 448.502 (emphasis added). The Department argues that the Board exceeded its jurisdiction in that the Department's grant of a CON to Lee was pursuant to a "settlement agreement" between the parties, rather than a "decision on an application." We believe this argument to be specious.

4. Act of July 19, 1979, P.L. 130, *as amended,* 35 P.S. §§ 448.101–448.-904.

Examination of the record reveals that the Department's grant of the CON was pursuant to Lee's application. The Department's settlement agreement specifically states:

The Department has concluded that the evidence in the record, fairness, the objectives of the Health Care Facilities Act and public interest support the *grant of a certificate of need to Lee for the application at CON 84-G-3013-B.* (Emphasis added.)

In addition, in an approval letter sent by the Secretary of Health to Lee, the Secretary referred to the grant as "the proposal set forth in your application." These two documents clearly, and unequivocally cite Lee's application as the basis for the Department's grant.

▆ Lee argues that the Board erred by hearing an appeal which is prohibited by Section 506(b) of the Act, 35 P.S. § 448.506(b). That Section provides as follows:

**Appeals to the hearing board**

The hearing board shall be bound by the duly promulgated regulations of the department and shall give due deference to the expertise of the health systems agencies and the department in reaching their decisions. It *shall receive any evidence as to challenges of the authority to the department or the reasonableness of the criteria or regulations used in the review of the application* for the sole purpose of creating a record for any subsequent appeal to court. (Emphasis added.)

Lee contends that RHSC sought to challenge the authority of the Department and, therefore, the Board was only authorized to create a record, not to render a decision on the issues. We believe that Lee has misinterpreted this provision.

Section 506(b) of the Act does not preclude the Board from deciding whether the Department's action exceeded its authority. As we interpret the facts and the legal positions of the parties, RHSC is not challenging the authority of the Department to grant CONs; instead, it is arguing that the Department, at the time of issuance, no longer had jurisdiction over Lee's application, and that its action was *ultra*

*vires.* Therefore, RHSC's action does not fall within the purview of Section 506(b).

■ Lee and the Department next contend that RHSC and RHA did not have standing to maintain their appeals before the Board and before this Court. We shall first address the standing of RHSC. When Lee filed its appeal of the Department's original denial of its CON application to the Board, RHSC filed a petition to intervene in support of the Department's decision. The Board granted RHSC intervenor status. Lee correctly but unsuccessfully opposed RHSC's petition to the Board. Lee then appealed the Board's decision to this Court.[5] In that appeal, however, Lee did not challenge RHSC's standing or the Board's order granting RHSC's status as a party appellee, *even though* it was clearly appealable at that time. By failing to raise this issue in a timely manner before this Court, Lee and the Department have waived their right to object to RHSC's standing. Moreover, Lee and the Department subsequently withdrew that appeal, thereby waiving absolutely any right to challenge further RHSC's party status. With RHSC's party status having thus been clearly fixed, the Department's and Lee's *ex parte* settlement negotiations could not operate to diminish that status.

■ Next, we must consider the question of RHA's standing. RHA did not petition to intervene but contends that it is a "health care facility" as well as a "person directly affected" as defined by Section 103 of the Act. It is undisputed, however, that RHA did not in any way attempt to comply with the requirements of the Act for attaining the status of a party. *See* Sections 506(b) and 703(a) of the Act, 35 P.S. §§ 448.506(b) and 448.703(a). The record clearly indicates that RHA did not communicate, in any way, to the Department its objections to Lee's CON application until its (RHA's) appeal of the settlement agreement to the Board. Thus, the Board correctly held that RHA lacked standing.

5. *See* Commonwealth Court docket No. 1800 C.D. 86.

RHA argues, however, that it cannot be expected to have filed objections to the above-mentioned proceedings, because notice of those proceedings was not given to it by the Department. Notice, however, was published on October 6, 1984, in the *Pennsylvania Bulletin.* And, if RHA is asserting, as it did before the Board, that the Department's initial disposal of Lee's CON application in 1985 is unrelated to its subsequent approval in 1987, we believe that its argument lacks merit. As stated above, the Department itself, through the approval letters sent to Lee, stated that its grant was in response to Lee's 1984 CON application and this Court can find no basis to conclude otherwise. We, therefore, uphold the Board's conclusion that RHA lacked standing to appeal the issuance of the CON.

■ Both the Department and Lee assert that the Board committed error when it found that the Department did not have jurisdiction under the Act to enter into a settlement agreement with Lee. It is well settled that an administrative agency has only those powers which the legislature has delegated to it. *Pennsylvania Human Relations Commission v. St. Joe Minerals Corp., Zinc Smelting Division,* 476 Pa. 302, 382 A.2d 731 (1978). Here, Lee and the Department contend that entering into a settlement agreement is an implied power under the Act which enables the Department to carry out its statutory duty of issuing CONs.

■ Under the facts presented to us today, we do not believe that the Department was statutorily empowered under the Act to grant Lee a CON two years after its final decision to deny Lee's CON. The authority for the Department's grant of a CON is contained in Section 201 of the Act, 35 P.S. § 448.201, which provides:

The Department of Health shall have the power and its duties shall be

. . . .

(3) *To issue certificates of need* and amended certificates of need *in accordance with the provisions of this act.* (Emphasis added.)

Section 707(a) of the Act, 35 P.S. § 448.707(a), further provides:

> An application for a certificate of need shall be recommended, approved, and issued *when the application substantially meets the requirements listed below.* (Emphasis added.)

The Department, in 1985, found that Lee's proposal did not meet the requirements of Section 707(a). However, two years later, without further investigation and review, the Department reversed itself, "settled" with Lee and granted it the CON. This Court believes that the Department's jurisdiction to reconsider and reverse its prior denial of Lee's CON must be supported by the Act. Reconsideration may be granted by the Department only when it is requested *within ten days* of the Department's final decision.[6] Here, no such request was ever made. Thus, we hold that the Department did not have jurisdiction to grant Lee's CON.

In *Taylor v. Weinstein,* 207 Pa.Superior Ct. 251, 255, 217 A.2d 817, 818 (1966), the Superior Court held that after an appeal has been taken from a final administrative agency decision, the agency below *loses jurisdiction* to proceed with reconsideration of its prior decisions.

Our Supreme Court subsequently addressed the same issue in *Matter of Elemar, Inc.,* 499 Pa. 8, 14, 451 A.2d 209, 212 (1982), and narrowed the holding in *Taylor.* The Court stated:

> Although there is no question that, with certain limited exceptions, jurisdiction is removed from the 'tribunal below' while an appeal is pending, *where the tribunal below is statutorily empowered* to grant reconsideration of its decision, there is no bar to such reconsideration *if the appeal has been withdrawn before decision.*

6. *See* Section 704(b) of the Act, 35 P.S. § 448.704(b).

*Id.,* 499 Pa. at 14–15, 451 A.2d at 212 (citations omitted) (emphasis added).[7]

As stated above, reconsideration *of the Department's* final decision on a CON must have been filed within ten days—*not two years* after its final decision to deny Lee a CON. And, as we read *Elemar,* appeal will not bar reconsideration *if* the appeal is *withdrawn before* decision. Here, however, Lee's appeal to the Board and the Board's order affirming the Department operate to bar any subsequent reconsideration by the Department.[8] We are not here discussing a reconsideration of the *Board's* decision, but a palpable attempt by the Department to circumvent the Board's decision.

Lee also contends that this Court has exceeded its scope of review in reviewing its settlement agreement with the Department as there has not been an allegation of fraud, bad faith or abuse of discretion. Lee has misstated

7. Both Lee and the Department have attempted to distinguish *Taylor* in their briefs. We have reviewed their arguments, however, and have found them to be without merit.

8. We also wish to note that the Department, in excluding RHSC from its settlement negotiations with Lee, substantially deprived RHSC of its due process right to notice and an opportunity to participate in the proceedings. As previously discussed, RHSC sought and was granted party status in the proceeding, and, as a party, it cannot be deprived of its interest except by due process of law. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973). At no time in the process, however, was RHSC afforded notice or the opportunity to challenge the merits of the settlement agreement. Hence, we must also hold the Department's actions to be unconstitutional.

We are cognizant of the decision rendered in *Harrisburg Hospital v. Thornburgh,* 616 F.Supp. 699 (M.D.Pa.1985), *aff'd,* 791 F.2d 918 (3d Cir., 1986). However, we find *Harrisburg Hospital* to be distinguishable from the facts in this case. In that case, several hospitals brought an action challenging the constitutionality of state legislation exempting an expansion project from the Act's CON requirements. The court held that the hospital, in challenging the legislature's exemption, did not have a due process right under the applicable law to appear before the state agency and object.

Here, however, RHSC has *already* been awarded party status and asserted its objections to the CON with the Department. Moreover, this case deals directly with the illegal grant of a CON by the Department in violation of Section 707(a) of the Act, *not* with a specific act of the Legislature.

our scope of review. Our scope of review in agency appeals has been statutorily defined in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. Section 704 requires that we affirm the adjudication of the Board unless we find that it is not in accordance with law or that any findings of fact made by the agency necessary to support its adjudication are not supported by substantial evidence. *See also Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988) (reiterating the Section 704 scope of review, but indicating its inapplicability where the burdened party is the only one to present evidence and it fails to prevail before the agency.) We hold that the Board's decision, which denied the CON and reversed the Department, is reviewable by this Court and must be reviewed under Section 704 of the Administrative Agency Law. To hold that it is not reviewable as an adjudication would allow Lee and the Department not only to circumvent the Board, but to circumvent this Court as well, and we will not permit that to happen.

■ The Department also asserts that its settlement with Lee is a contractual agreement, and that RHSC was not a party to that contract and had no right to intervene. We believe this argument is also meritless. To reiterate, RHSC was granted party status. Lee and the Department, therefore, had no right to hold *ex parte* negotiations without RHSC. Moreover, we have already rejected as specious the argument that the settlement agreement was separate and apart from Lee's original CON application first reviewed by the Department in 1984; thus, we also reject the notion that the agreement was a "contract" separate from the original CON application. This Court will neither approve nor tolerate a "contract" that would totally evade the requirements of the Health Care Facilities Act.

In its cross appeal, RHSC contends that the Department is barred by the doctrines of res judicata and collateral estoppel from reversing its original denial of a CON to Lee. Having decided that the Department lacked the jurisdiction

to enter into such a settlement agreement, this Court need not address that issue. RHSC also contends that the Department's decision to deny its request for reconsideration was arbitrary, capricious and an abuse of discretion. While we may believe that this contention has merit, we shall not address it as the issue is now moot. Finally, RHSC contends that the Board erred in declining to hold that the license for Lee's rehabilitation unit is void and of no effect. This contention is predicated upon the Board's failure to address RHSC's proposed conclusion of law No. 7 which provided:

> Any license for rehabilitation beds and services issued to Lee by the Department is void and of no effect and no such license or part of a license shall be issued by the Department henceforth.

The issue seems to have arisen over the interpretation of Section 603(g) of the Act which provides:

> No license to operate a health care facility, health maintenance organization, or new institutional health service by any person in this Commonwealth shall be granted and any license issued shall be void and of no effect as to any facility, organization, service or part thereof for which a certificate of need is required by this act and not granted.

35 P.S. § 448.603(g).

The Department argues that it "does not issue a license for a service which is provided by a hospital" and that Section 603(g) has application only "where a certificate of need is required for the establishment of a health care facility which is defined by the Act as a new institutional health service." (Department's reply brief at 24.) We do not want to upset the status quo with respect to Lee's services already being provided to the existing 321 licensed beds. However, we can understand RHSC's uneasiness about the Department's possibly allowing Lee to provide rehabilitation medical services in its proposed twenty-seven bed medical/surgical swing unit, the subject of Lee's application for a CON. The Department cannot allow Lee to provide such services to the proposed unit. This should be

clearly understood and RHSC should not be forced into lengthy contempt proceedings to make this more certain. *See* Section 562 of the Judicial Code, 42 Pa.C.S. § 562.

Accordingly, based upon the foregoing analysis, we affirm the order of the Board reversing the Department's approval of Lee's CON.

## ORDER

NOW, June 12, 1989, the order of the State Health Facilities Hearing Board in the above-captioned matter is hereby affirmed.