150 Pa. Commonwealth Ct. 572 (1992)
616 A.2d 100
PENNSYLVANIA ASSOCIATION OF INDEPENDENT INSURANCE AGENTS et al., Petitioners,
v.
Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, Respondent.
Commonwealth Court of Pennsylvania.
Argued November 22, 1991.
Decided September 23, 1992.
Reargument Denied October 21, 1992.
*574 William R. Balaban, for petitioners.
Gwendolyn T. Mosley, Sr. Deputy Atty. Gen., for respondent.
Robert H. Klonoff, for intervenors United Services Auto. Ass'n, et al.
Before COLINS and KELLEY, JJ., and LEDERER, Senior Judge.
KELLEY, Judge.
In December of 1984, the Pennsylvania Insurance Department (department) issued an order to show cause, alleging that the United Services Automobile Association et al. (USAA)[1] had violated section 641(b) of The Insurance Department Act of 1921 (Act)[2] which prohibits savings and loan holding companies from selling insurance in Pennsylvania.
USAA is a company which owns a savings and loan in Texas and also owns subsidiaries which sell insurance in Pennsylvania. The Pennsylvania Association of Independent Insurance Agents et al. (PAIIA)[3] intervened in the administrative proceeding begun by the order to show cause.
Previous to the order to show cause being issued, USAA had filed an action in federal district court (district court) alleging that enforcement of section 641 would be unconstitutional. In July of 1986, while the federal court litigation was pending, the district court enjoined the administrative action. The district court allowed PAIIA to also intervene in the litigation.
In March of 1991, PAIIA learned through a status report in the federal litigation that USAA and the department had *575 approved a proposed settlement agreement to end the administrative proceeding before the department. The terms of the agreement allow USAA to continue selling insurance in this state as long as its banking subsidiary does not solicit or accept deposits or make loans here. The department and USAA executed the agreement on May 7, 1991, and PAIIA filed objections to the agreement. Without allowing PAIIA to brief its objections, the Insurance Commissioner approved the agreement and PAIIA filed the present appeal. USAA has intervened and filed a motion to quash the appeal from the Commissioner's approval.
PAIIA also filed a petition for review in this court's original jurisdiction seeking a declaratory judgment that the agreement is contrary to law. The department and USAA intervened and have filed preliminary objections in the declaratory judgment action. The appeal from the approval of the settlement agreement and the declaratory judgment action have been consolidated (230 M.D.1991 and 1591 C.D.1991). Presently before the court are the preliminary objections, the motion to quash, and the merits of the appeal.

MOTION TO QUASH
Initially, we shall address USAA's motion to quash the appeal from the Commissioner's order. USAA argues that the settlement of the administrative action is not an adjudication and that PAIIA lacks standing to appeal. We shall address these arguments seriately.
While the first section of USAA's brief in support of its motion is ostensibly directed to the proposition that the settlement agreement is not an adjudication, the substance of that section is addressed to the argument that the settlement agreement is nothing more than the exercise of the department's discretion to enforce the statute, that PAIIA cannot compel the department to enforce the statute, and that there is no private right of action to enforce the statute. USAA argues that the exercise of an agency's prosecutorial discretion whether to pursue an enforcement action is not adjudicatory in nature. For this proposition, USAA relies on In re *576 Frawley v. Downing, 26 Pa.Commonwealth Ct. 517, 364 A.2d 748 (1976), in which we held that a letter to an individual from the Bureau of Professional and Occupational Affairs declining to pursue that individual's sworn complaint against certain medical professionals was not an adjudication. The facts of the present case are distinguishable in that the department itself began the enforcement action and then ended that action by issuing an order approving a settlement agreement.
PAIIA cites Department of Health v. Rehab Hospital Services, 127 Pa.Commonwealth Ct. 185, 561 A.2d 342 (1989), petition for allowance of appeal denied, 525 Pa. 607, 575 A.2d 571 (1990), where this court held that a settlement between the Department of Health and a private party as to an application for a certificate of need was reviewable as an adjudication. Review in that case was sought by an intervening competitor. Rehab Hospital Services is much more analogous to the present case and reflects the current state of the law.
Furthermore, the definition of "adjudication" under the Administrative Agency Law includes "any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." 2 Pa.C.S. § 101. The purpose of section 641(b) of the Act is to protect independent insurance companies. Central Mortgage Co. v. Insurance Department, 100 Pa.Commonwealth Ct. 233, 514 A.2d 956 (1986), aff'd, 517 Pa. 64, 534 A.2d 759 (1987). This purpose is set out in section 641(c) which reads:
(c) The Insurance Commissioner is authorized to promulgate regulations in order to effectuate the purposes of this section, which are to help maintain the separation between lending institutions and public utilities and the insurance business and to minimize the possibilities of unfair competitive practices by lending institutions and public utilities against insurance companies, agents and brokers.
The statute thus creates a property right for independent insurance companies to be protected from the unfair competition *577 of lending institutions selling insurance. Because PAIIA maintains that it will be subject to unfair competition from USAA as a result of the settlement order, we hold that the order is an appealable adjudication.
With respect to standing, USAA argues that PAIIA lacks standing because there was no direct injury to PAIIA shown in the record and that the claims of injury are too remote because the agents which belong to PAIIA merely market the insurance and do not underwrite the insurance. USAA cites Central Storage & Transfer Co. of Harrisburg v. Pennsylvania Public Utility Commission, 82 Pa.Commonwealth Ct. 21, 477 A.2d 568 (1984), for the proposition that PAIIA must suffer actual injury to gain standing. Central Storage does not stand for this proposition. In that case this court concluded that motor carriers did not have standing to appeal the Public Utility Commission's modification of its standards for adjudicating motor carrier applications because the motor carriers' allegations of injury were too speculative. The court did not state that actual injury was required, but that there must be a likelihood of immediate harm. The fact that USAA is already selling insurance in Pennsylvania demonstrates that PAIIA has already lost potential customers to a competitor which it claims is selling insurance in violation of statutory law. The financial interests of a competitor may constitute an interest necessary to confer standing. Pennsylvania Automotive Association v. State Board of Vehicle Manufacturers, Dealers and Salespersons, 121 Pa.Commonwealth Ct. 352, 550 A.2d 1041 (1988).
In Pennsylvania Automotive Association, we held that a financial interest which would be directly affected by the board's decision was sufficient to confer standing. Members of the petitioning association were in direct competition with the company whose application for a vehicle broker's license was deemed withdrawn by the board for lack of jurisdiction over the company. This court rejected the argument that petitioners lacked standing because their interest in protecting profits was beyond the interests sought to be protected by the relevant statute, stating:

*578 While it is true that standing will be more readily granted where the type of interest asserted is one of the interests sought to be protected by the legislation on which the person seeking standing relies, the purpose of the underlying legislation is only a guideline in determining whether standing should be granted.
Thus, we conferred standing on business competitors even where protecting the financial interests of competitors was not explicitly a purpose of the underlying statute as it is in the present case.
The fact that PAIIA was granted intervention in the administrative proceeding also weighs in favor of a conclusion that they have standing in this appeal. USAA cites Powers v. Department of Health, 131 Pa.Commonwealth Ct. 469, 570 A.2d 1350 (1990), for the proposition that the grant of intervention in an administrative proceeding is not a basis for establishing standing on appeal. In Powers we relied on the language in 1 Pa.Code § 31.3 in concluding that a grant of intervention did not confer standing where other factors weighed against it. We do not read that case as holding that we may not consider such intervention in ruling on a question of standing.
Pursuant to the above discussion, we hold that PAIIA has standing to appeal the Commissioner's order, which is an appealable order, and we shall deny USAA's motion to quash.

PRELIMINARY OBJECTIONS
We now turn to the preliminary objections to the declaratory judgment action. The department's preliminary objections raise the argument that the declaratory judgment action should be dismissed because the issues raised therein can be resolved in the appeal from the approval of the agreement. USAA's preliminary objections raise substantially the same issues as in its motion to quash, i.e., PAIIA's standing, whether the approval is an adjudication, and whether declaratory judgment is proper under these facts. We need not address these preliminary objections because PAIIA has, in its brief, *579 agreed that the declaratory judgment action may be dismissed if this court agrees to hear the appeal from the Commissioner's order. Because we have denied USAA's motion to quash the appeal, we shall sustain the department's preliminary objections and dismiss the declaratory judgment action as moot.

DUE PROCESS
Before we turn to the legality of the settlement agreement, we must address PAIIA's argument that its due process rights were violated because it was not permitted to participate in the settlement negotiations. PAIIA relies on a footnote to our Rehab Hospital Services opinion in which we state that an intervenor in an application proceeding for a certificate of need was denied due process when the Department of Health and the applicant conducted settlement negotiations without notice and an opportunity to be heard being afforded to intervenor. Id. at 196, n. 8, 561 A.2d at 347, n. 8. The department and USAA argue that PAIIA was granted only a limited right to intervene and was not entitled to participate in the negotiations.
USAA also argues that PAIIA has waived its due process argument by not raising it in its petition for review to this court. We agree. Subsection (a) of Rule 1513 of the Pennsylvania Rules of Appellate Procedure states that a petition for review shall contain "a general statement of the objections to the order or other determination; ..." The subsection goes on to state that "[t]he statement of objections will be deemed to include every subsidiary question fairly comprised therein." Our examination of PAIIA's petition for review reveals that the objections raised relate only to the settlement agreement's alleged conflict with section 641. There is no issue raised concerning procedural irregularities in the settlement process. We have previously held that issues were waived when they were not raised in a petition for review. Pierce v. Pennsylvania Board of Probation and Parole, 46 Pa.Commonwealth Ct. 507, 406 A.2d 1186 (1979). We therefore hold that PAIIA has waived the due process issue.

*580 SECTION 641(b)
Before we discuss the statutory language, we must mention that our scope of review is that found in section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. We must determine whether constitutional rights were violated, error of law was committed, or substantial evidence does not exist to support necessary findings of fact. As we stated in Rehab Hospital Services, this is the scope of review we must apply to an appeal from a decision of an administrative agency, even though the commissioner was performing a discretionary function in agreeing not to enforce the statute against USAA. An abuse of discretion standard might seem more appropriate, but we are bound to follow the Administrative Agency Law. The effect of applying this scope of review is that we must construe the relevant statute to determine if there is an error of law.[4]
PAIIA argues that the settlement agreement violates section 641(b) and that the department cannot enter into an agreement which expressly violates a statute. Section 641(b) reads, in part:
(b) No lending institution, public utility, bank holding company, savings and loan
holding company or any subsidiary or affiliate of the foregoing, or officer or employe thereof, may, directly or indirectly, be licensed or admitted as an insurer or be licensed to sell insurance in this State either as a broker or as an agent. . . .
PAIIA argues that the literal language of this section bars USAA, as a savings and loan holding company, from selling insurance in Pennsylvania.
In response, USAA points to the purposes of the section as described in section 641(c), quoted earlier. Subsection (c) states that the purposes of subsection (b) are to "help maintain the separation between lending institutions and public utilities and the insurance business and to minimize the possibilities *581 of unfair competitive practices by lending institutions and public utilities against insurance companies, agents and brokers." Subsection (c) only refers to the unfair advantage of lending institutions and public utilities which are able to sell insurance. The subsection does not use the terms "bank holding company" or "savings and loan holding company". Subsection (a) of section 641 sets out the following definitions:
(1) `Lending institution' means any institution that accepts deposits and lends money in the Commonwealth of Pennsylvania, including banks and savings and loan associations, but excluding insurance companies.
(2) `Public utility' means a private employer subject to the jurisdiction of the Pennsylvania Public Utility Commission and engaged in the business of rendering electric, gas, water and steam heat services to the public in this Commonwealth:...
....
(4) `Bank holding company' shall mean and include the definition of such term in section 2 of an act of congress entitled the `Bank Holding Company Act of 1956,' as amended:...
. . . .
(7) A `savings and loan holding company' shall mean and include the definition of such term as defined in Title 12, United States Code, sections 1730a(a)(1), (d), (e), (f).
The United States Code definitions of "bank holding company" and "savings and loan holding company" referred to in section 641 do not, of course, contain language limiting the definition to holding companies doing business in Pennsylvania.[5] This leads PAIIA to argue that all savings and loan holding companies are barred from selling insurance in Pennsylvania, even if they do not conduct any banking business in the Commonwealth. USAA counters with the argument that, because subsection (c), in describing the purposes of the statute, refers *582 only to entities which are defined as doing business in Pennsylvania, the statute is meant only to bar a holding company which "accepts deposits and lends money in the Commonwealth of Pennsylvania" from selling insurance in this state.
We are persuaded that USAA's interpretation of the statute is correct. PAIIA would have us read subsection (b) in isolation and give no effect to subsection (c). In construing a statute, we must give effect, if possible, to all of its provisions. Section 1921(a) of the Statutory Construction Act, 1 Pa.C.S. § 1921(a). The purpose of section 641, as set out in subsection (c), is clearly to prevent the unfair competitive advantage which lending institutions and public utilities, i.e., entities which conduct business in Pennsylvania, would have in selling insurance in conjunction with the other business they conduct. The inclusion of the terms "bank holding company" and "savings and loan holding company" in subsection (b) can be interpreted as the legislature's desire to prevent holding companies which own lending institutions, i.e., own institutions which conduct business in Pennsylvania, from also selling insurance in Pennsylvania. We can see no other reason why the legislature would not have included the terms "bank holding company" and "savings and loan holding company" in subsection (c).
USAA also points to the fact that while subsection (b) refers to out-of-state holding companies, it does not refer to out-of-state banks or savings and loans. Therefore, under PAIIA's interpretation, we would reach the absurd result that a holding company which did not conduct any banking business in Pennsylvania could not sell insurance in Pennsylvania, but a bank or savings and loan which did not conduct any banking business in Pennsylvania and which was not owned by a holding company could sell insurance in Pennsylvania. In construing statutes, we must presume that the General Assembly does not intend a result that is absurd. Section 1922 of the Statutory Construction Act, 1 Pa.C.S. § 1922.
We therefore hold that section 641 does not bar holding companies which do not accept deposits or lend money in Pennsylvania from selling insurance in Pennsylvania. Accordingly, *583 we shall affirm the order of the Commissioner approving the settlement agreement.

ORDER
NOW, this 23rd day of September, 1992, in the declaratory judgment action at 230 M.D.1991, the preliminary objections of the Insurance Department are sustained and the action is dismissed as moot. In the appeal at 1591 C.D.1991, the motion to quash is denied and the order of the Insurance Commissioner, dated June 28, 1991, at No. C84-12-5, is affirmed.
This matter was argued before a panel consisting of Judge COLINS, Judge KELLEY and Senior Judge BARBIERI. Because of the conclusion of Senior Judge BARBIERI's service, the case was submitted on briefs to Senior Judge LEDERER for his consideration as a member of the panel.
CRAIG, P.J., and McGINLEY, J., did not participate in the decision in this case.
LEDERER, Senior Judge, concurs in the result only.
NOTES
[1] The other parties listed as intervenors in the caption are subsidiaries of United Services Automobile Association. They will be collectively referred to as "USAA".
[2] Act of May 17, 1921, P.L. 789, as amended, added by the Act of December 30, 1974, P.L. 1148, 40 P.S. § 281(b).
[3] The other individuals and organizations listed in the caption as petitioners are or represent independent insurance agents. They will be collectively referred to as "PAIIA".
[4] We reject USAA's argument that the Commissioner has avoided construing the statute by entering into the settlement agreement. The agreement clearly states that it is not contrary to law.
[5] The United States Code definition of "bank holding company" is found at 12 U.S.C. § 1841. The definition of "savings and loan holding company" is no longer found at 12 U.S.C. § 1730a, but is instead found at 12 U.S.C. § 1467a. The former section was repealed by the Act of August 9, 1989, Pub.L. No. 101-73, 103 Stat. 183, 363.