641 A.2d 37

**Henry J. ROMAN, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (ROHM AND HAAS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 8, 1993.

Decided April 11, 1994.

308

Michael J. O'Comnnor, for petitioner.

Joseph C. Phillips, for respondent.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

COLINS, Judge.

Irene Roman (Mrs. Roman) petitions for review of the August 31, 1992 order of the Workmen's Compensation Appeal Board (Board) denying her appeal and affirming the referee's decision dismissing her fatal claim petition and dismissing the claim petition of her deceased husband, Henry J. Roman (Roman).

On August 17, 1990, Roman filed a claim petition for compensation alleging that he suffered pancreatic cancer because of exposure to dichloro diphenyl trichloroethane (DDT) in the course of his employment with Rohm & Haas Company (Rohm & Haas). Roman testified at a hearing before the referee on September 17, 1990, but he died on November 17, 1990, prior to the conclusion of the proceedings before the referee. Mrs. Roman then filed a fatal claim petition for compensation on March 7, 1991, alleging that Roman died of pancreatic cancer which was caused by his daily exposure to DDT, when he worked as a maintenance repair person for Rohm & Haas.

The referee's May 2, 1991 decision contains the following pertinent findings of fact:

4. Claimant was able to testify before this Referee on September 17, 1990, and advised that he was 60 years of age and was born on September 9, 1930, and related his working history. From 1956 to October of 1961, the claimant was employed as a welder, machinist, tool and dye [sic] maker, and maintenance man where he was not exposed to any chemicals or insecticides known as DDT.

He began employment with the defendant on October 30, 1961, where he continued until June 28, 1963. While employed with the defendant, he worked out of the machine shop and maintenance repair shop as a laborer preparing for first or second class mechanics. He would clean the machines or piping or anything else found to be defective in

the building. He also worked around kettles and chutes that would hold chemicals.

While employed with the defendant, he was exposed to a yellow and/or gray powder dust. However, the claimant was unaware of the nature of that substance except that it was in the air he breathed. He admitted that he was not provided with masks or respirators, and until he read an article in the Philadelphia Inquirer of July 26, 1990, he had no knowledge of any connection between DDT and pancreatic cancer.

5. After leaving employment with the defendant, he worked as a machinist until 1965 when he bought a lounge and catering business where he worked until he passed away on November 17, 1990.

6. On cross-examination, the claimant acknowledged that he had a back injury and had been employed in the office for the defendant from February, 1963, until June 28, 1963. He also admitted to a smoking history of one-half pack of cigarettes per day for a period of 35 years. He was not aware that he had cancer until June, 1990, but became disabled as a result of the condition in February of 1990.

7. At a hearing before this Referee on February 28, 1991, counsel for both parties agreed to a bifurcation concerning the issue of whether the claimant and widow have a cause of action under the provisions of the Occupational Disease Act of 1939 and/or the Workmen's Compensation Act, as amended.

8. This Referee finds ... that claimant had no exposure to the hazard of an occupational disease after June 30, 1973.

This Referee further finds that neither the claimant nor the widow were able to prove an accident which occurred prior to May 1, 1972, or that a compensable injury occurred after that date.

9. This Referee further finds that the claimant's disability did not occur within 300 weeks of his last exposure as provided for in the Workmen's Compensation Act, as amended, or within four years after the date of his last

employment [sic] provided for under the provisions of the 1939 Occupational Disease Act.

The referee, therefore, concluded that Mrs. Roman failed to prove the elements necessary to establish a right to compensation Sections 301(c)(1) or 301(c)(2) of the Workers' Compensation Act (Act) [1] or pursuant to Section 301(c) of The Pennsylvania Occupational Disease Act (Disease Act).[2]

Mrs. Roman appealed to the Board, alleging that Findings of Fact Nos. 8 and 9 were not litigated and that the conclusions of law were in error. The Board affirmed the referee, concluding that the referee's findings were supported by the evidence and that, therefore, the conclusions of law were not in error. Mrs. Roman then petitioned this Court for review of the Board's order.

Mrs. Roman's sole issue is "[w]hether a Claim Petition and Widow's Fatal Claim Petition may be dismissed because Claimant did not discover that he suffered from carcinoma of the pancreas until 27 years after terminating employment during which the carcinoma was allegedly caused[.]" "Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Kurtiak v. Workmen's Compensation Appeal Board (Western Sizzlin' Steak House)*, 160 Pa.Commonwealth Ct. 637, 641 n. 2, 635 A.2d 732, 734 n. 2 (1993).

Mrs. Roman argues that Section 301(c)(2) of the Act, 77 P.S. § 411(2), violates Article III, Section 18 of the Pennsylvania Constitution. Article III, Section 18 of the Pennsylvania Constitution provides:

The General Assembly may enact laws requiring the payment by employers, or employers and employees jointly, of reasonable compensation for injuries to employees arising in the course of their employment, and for occupational diseases of employees, whether or not such injuries or diseases result in death, and regardless of fault of employer

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 411(1), 411(2).
2. Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. § 1401(c).

or employee, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided.

Section 301(c)(2) of the Act provides, in pertinent part:

The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable. The provisions of this paragraph (2) shall apply only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease after June 30, 1973 in employment covered by [the Act].

Mrs. Roman argues that Section 301(c)(2) of the Act violates Article III, Section 18 of the Pennsylvania Constitution by setting the 300–week limitation, because the Constitution "indicate[s] that whenever an employe suffers from an injury or occupational disease arising out of employment said injury or

disease must be compensated regardless of when the injury or occupational disease manifests itself."

■ We disagree with Mrs. Roman's assertions first, that Article III, Section 18 of the Pennsylvania Constitution requires that every employee receive compensation for an injury and second, that Section 301(c)(2) of the Act, by setting a 300–week limitation, thereby violates Article III, Section 18 of the Pennsylvania Constitution. As we noted in *Antonucci v. Workmen's Compensation Appeal Board (U.S. Steel Corporation)*, 133 Pa.Commonwealth Ct. 273, 278, 576 A.2d 401, 404 (1990), *petition for allowance of appeal denied*, 527 Pa. 651, 593 A.2d 423 (1991), Article III, Section 18 of the Pennsylvania Constitution

> empowers the General Assembly, if it chooses, to enact laws to compensate for injuries or diseases, including those that cause the death of an employee, that arise out of their employment. Rather than placing any limitation on the General Assembly, Article III, § 18, grants it expansive power to fashion a system to compensate employees for work-related injuries or disease. Rather than precluding time limitations, the last sentence of Article III, § 18, envisions such time limitations as long as the time limitations are alike for individuals and corporations.

The 300–week limitation contained in Section 301(c)(2) of the Act is, therefore, constitutional, and Mrs. Roman's assertion that Article III, Section 18 requires that every employee receive compensation is a misreading of that section of the Pennsylvania Constitution.

To the extent that we can infer that Mrs. Roman's argument contains an assertion that Section 301(c)(2) violates her rights to due process and equal protection, we conclude that pursuant to *Formicola v. Workmen's Compensation Appeal Board (City of Philadelphia)*, 97 Pa.Commonwealth Ct. 274, 509 A.2d 434 (1986), and *Antonucci*, by analogy, no violation exists.

■ We note that Mrs. Roman cannot receive benefits pursuant to Section 301(c)(2) of the Act, 77 P.S. § 411(2),

because that section "[applies] only with respect to the disability or death of an employe which results in whole or in part from the employe's exposure to the hazard of occupational disease *after June 30, 1973* in employment covered by [the Act]." (Emphasis added.) Roman's employment with Rohm & Haas ended on June 28, 1963. The referee so found in Finding of Fact No. 8.

The referee, in Finding of Fact No. 9, also found that Mrs. Roman did not qualify for benefits pursuant to the Disease Act, because Roman did not become disabled within four years after the last date of his employment with Rohm & Haas. Although Mrs. Roman did not argue the constitutionality of the four-year limitation contained in Section 301(c) of the Disease Act, 77 P.S. § 1401(c), this issue falls within the purview of her petition for review, and we will address it. Pa.R.A.P. 1513(a); *Pennsylvania Association of Independent Insurance Agents v. Foster,* 150 Pa.Commonwealth Ct. 572, 616 A.2d 100 (1992). Pursuant to our discussion *supra,* regarding whether Article III, Section 18 of the Pennsylvania Constitution prevents the General Assembly from enacting time limitations such as that contained in Section 301(c) of the Disease Act, we hold that the four-year limitation is constitutional.

 Mrs. Roman argues that the "discovery rule" should apply to toll the time limitations set forth in Section 301(c)(2) of the Act, 77 P.S. § 411(2), and in Section 301(c) of the Disease Act, 77 P.S. § 1401(c). Those limitations apply to "the time in which a disability due to a work-related disease can develop after employment and still be compensable." *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board (Feiertag),* 90 Pa.Commonwealth Ct. 567, 575, 496 A.2d 412, 417 (1985). *Supra,* having determined that these time limitations are rationally related to the objectives of the Act and the Disease Act, we concluded that the limitations are constitutional. We note that the discovery rule does apply to the time in which a claim for total disability based upon an occupational disease must be filed. Section 315 of the Act, 77 P.S. § 602; *Jones & Laughlin Steel Corporation;*

Section 315 of the Disease Act, 77 P.S. § 1415; *Ciabattoni v. Birdsboro Steel Foundry & Machine Company,* 386 Pa. 179, 125 A.2d 365 (1956).

Accordingly, the order of the Board is affirmed.

## ORDER

**AND NOW,** this 11th day of April, 1994, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.