Carmen **FORNATARO**, Petitioner,

v.

**WORKMEN'S COMPENSATION AP-PEAL BOARD (CABOT CORPORA-TION, successor to Kawecki Beryllco Corp.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 12, 1995.

Decided Aug. 11, 1995.

Lewis J. Bott, for petitioner.

Michael A. Brady, for respondent.

Before McGINLEY and NEWMAN, JJ., and LORD, Senior Judge.

McGINLEY, Judge.

Carmen Fornataro (Fornataro) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee [1] finding that Fornataro had not met the manifestation provisions of Section 301(c) of The Pennsylvania

---

1. Referees are now called Worker's Compensation Judges under the new amendments to the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736 *as amended,* 77 P.S. § 701. *See* Act 44, Act of July 2, 1993, P.L. 190. Because this action occurred prior to the effective date of the amendments, this Court will refer to Wayne

Occupational Disease Act (Disease Act)[2] or 301(c)(2)[3] of the Act. We affirm.

Fornataro was employed as a machinist, machine shop foreman and personnel manager by Kawecki Beryllco Corporation[4] from January 13, 1958, until November 1, 1974. Subsequently, Fornataro worked for Wagner Electric Corporation from 1974 until 1981, and Vicrtex, Incorporated from 1981 until 1990. On May 30, 1990, Fornataro filed an occupational disease petition alleging that he suffered an injury and disability in the nature of berylliosis as a result of exposure to a hazard during his employment with Kewicki Beryllco Corporation.

Hearings were held in the matter where Fornataro testified to his work history as well as his present physical condition. Fornataro also presented the deposition testimony of Andrew Matragrano, M.D. (Dr. Matragrano) who stated that he first saw Fornataro on May 5, 1988. Dr. Matragrano opined that Fornataro suffers from berylliosis which he contracted as a result of exposure to beryllium while working for Kewecki Beryllco Incorporated. Dr. Matragrano further opined that Fornataro was disabled from working where he would be exposed to aerosol or other pulmonary irritants.

Prior to the record closing on the occupational disease claim, Fornataro filed a claim petition for workers' compensation on July 16, 1992, wherein he alleged that he came into direct contact with beryllium while in the employ of Kewicki Beryllco Incorporated and was eventually diagnosed with berylliosis in 1989.

On January 31, 1994, the referee consolidated the occupational claim petition and the worker's compensation claim petition. The referee specifically accepted the testimony of Fornataro and Dr. Matragrano and further found that Fornataro's disability was recognized in a June 30, 1989, letter from Dr. Matragrano. Referee's Decision, January 31, 1994, Finding of Fact (F.F.) No. 8 at 4. The referee denied both claim petitions, reasoning that Fornataro failed to meet his burden of proving that his claim was timely filed within the 300 week manifestation provisions of Sections 301(c) of the Disease Act and 301(c)(2) of the Act. Fornataro appealed to the Board which affirmed the referee's decision in an opinion and order dated October 18, 1994. Fornataro appeals.

■ On appeal, Fornataro raises the issue of whether the manifestation provisions of Section 301(c) of the Disease Act and Section 301(c)(2) of the Act violate the equal protection clauses of both the United States Constitution and the Pennsylvania Constitution. Our scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed and whether the necessary findings are supported by substantial evidence. *Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990).

Fornataro argues that there is no rational basis for requiring an arbitrary time limit within which a disease must manifest itself. Initially, we note that

The most fundamental principle of statutory construction is the presumption that the legislature has acted constitutionally. This

R. Rapkin as a referee and not as a Workers' Compensation Judge.

**2.** Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. § 1401(c). Section 301(c) provides in pertinent part:
Wherever compensable disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years after the date of his last employment in such occupation or industry.

**3.** Section 301(c)(2) of the Act, 77 P.S. § 411(2) provides in pertinent part:

whenever occupational disease is the basis for compensation, for a disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within 300 weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease. . . .

**4.** We note that Cabot Corporation succeeded Kewicki Beryllco Corporation prior to the commencement of this action and after Fornataro's last date of employment with Kewicki Beryllco Corporation.

presumption reflects on the part of the judiciary the respect due to the legislature as a co-equal branch of government. School District of *Deer Lakes v. Kane,* 463 Pa. 554, 345 A.2d 658 (1975). Accordingly, courts properly defer to the legislature in the exercise of the function and may refuse to enforce a statute only if it clearly, palpably, and plainly violates the constitution. *Tosto v. Pennsylvania Nursing Home Loan Agency,* 460 Pa. 1, 331 A.2d 198 (1975).

*Antonucci v. Workmen's Compensation Appeal Board,* 133 Pa.Commonwealth Ct. 273, 576 A.2d 401 (1990), *petition for allowance of appeal denied,* 527 Pa. 651, 593 A.2d 423 (1991) (*citing Snider v. Thornburgh,* 496 Pa. 159, 166, 436 A.2d 593, 596 (1981)).

This Court has recently reviewed the manifestation provisions of the Disease Act and the Act in *Roman v. Workmen's Compensation Appeal Board (Rohm and Haas),* 163 Pa.Commonwealth Ct. 307, 641 A.2d 37 (1994). In *Roman,* Irene Roman (Mrs. Roman) sought review of an order of the Board which affirmed the referee's decision dismissing her fatal claim petition and dismissing the claim petition of her deceased husband (Mr. Roman). Mr. Roman was employed by Rohm and Haas from October 30, 1961, until June 28, 1963. On August 17, 1990, Roman filed a claim petition alleging that he was exposed to dichloro diphenyl trichloroethane (DDT) in the course of his employment which caused him to suffer from pancreatic cancer. Roman's claim petition also noted that he discovered this disability in June of 1990, but had become disabled by it two months before, in February of 1990. Mr. Roman passed away on November 17, 1990, prior to the conclusion of the proceedings before the referee, but not after testifying at his hearing. Mrs. Roman subsequently filed a fatal claim petition.

On appeal, this Court examined whether the manifestation provisions were unconstitutional. We found that they were not. In reviewing Article III, Section 18 of the Pennsylvania Constitution, we noted Section 18:

empowers the General Assembly, if it chooses, to enact laws to compensate for injuries or diseases, including those that cause the death of an employee, that arise out of their employment. Rather than placing any limitation on the General Assembly, Article III, § 18, grants it expansive power to fashion a system to compensate employees for work-related injuries or disease. Rather than precluding time limitations, the last sentence of Article III, § 18[5] envisions such time limitations as long as the time limitations are alike for individuals and corporations.

*Roman,* 163 Pa.Commonwealth Ct. at 313, 641 A.2d at 40, (*citing Antonucci,* 133 Pa.Commonwealth Ct. at 278, 576 A.2d at 404). Accordingly, we concluded that Section 301(c) of the Disease Act and Section 301(c)(2) of the Act did not violate Roman's equal protection right.

In *Antonucci,* this Court evaluated whether Section 301(c)(1) of the Act violated the equal protection clause of the fourteenth amendment of our United States Constitution. We noted that

The proper standard of review in analyzing the constitutionality of this classification is the rational-basis test.... Thus, to pass muster under the rational-basis test, the [Pennsylvania Occupational Disease] Act's classification must bear a reasonable relationship to a legitimate state objective.

*Antonucci,* 133 Pa.Commonwealth Ct. at 281, 576 A.2d at 406 (citations omitted). We concluded the legislature intended to protect the fund from stale claims.

This rationale equally supports the same conclusion when Section 301(c) of the Disease Act and 301(c)(2) of the Act are scrutinized. Article III, § 18 of our Pennsylvania Constitution authorizes the General Assembly to provide for such limitations where there is a rational basis. Here, the limitations serve to prevent speculation over

---

5. The last sentence of Article III, § 18 of the Pennsylvania Constitution states:

No act shall prescribe any limitations of time within which suits may be brought against corporations for injuries to persons or proper-

ty, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided.

whether a disease is work-related, years after the allegedly damaging exposure occurred. We find the manifestation provisions constitutional.

Accordingly, we affirm the decision of the Board.

*ORDER*

AND NOW, to wit, this 11th day of August, 1995, the order of the Workmen's Compensation Appeal Board at No. A94–0308, and dated October 18, 1994, is affirmed.